DEC 0 8 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

*JORDAN QUEEN,*           )
                                  )
           Plaintiff,      )
                                  )
v.                             )   Case No. 3:14-cv-00519
                                  )
*W.I.C., INC., d/b/a SNIPER*   )
*TREESTANDS, et al.,*        )
                                  )
           Defendants.   )

## DEFENDANT W W INDUSTRIAL CORP.'S SECOND SUPPLEMENTAL ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST INTERROGATORIES ON PERSONAL JURISDICTION

Defendant W W Industrial Corp. (improperly identified as W.I.C., Inc. d/b/a Sniper

Treestands) submits the following second supplemental answers and objections to plaintiff's

First Interrogatories on Personal Jurisdiction pursuant to Rule 26(e) of the Federal Rules of Civil

Procedure:

    2.      Please list W W Industrial Corp.'s "multiple dealers throughout the U.S. and

Canada" by name, address, and phone number, along with all former dealers, and provide the

timeframe during which each has been/was a dealer.

    **ANSWER:  W W Industrial Corp. objects to this interrogatory in that it requests
information about dealers located outside of Illinois and is therefore overbroad,
burdensome, oppressive, and not reasonably calculated to lead to the discovery of
admissible evidence.  There are no dealers for W W Industrial Corp. located in Illinois.**

    **FIRST SUPPLEMENTAL ANSWER: In addition to its prior answer, W W
Industrial Corp. states its customers with retail locations located in Illinois since 2010 were
Bass Pro Shops, Buchheit, Dunham's Sports, Scheels All Sports, and Menards.  W W
Industrial Corp. delivered products to Bass Pro Shops from 2010 to 2012, to Buchheit from
2010 to 2011, to Dunham's Sports from 2010 to 2013, to Scheels All Sports from 2010 to
2011, and to Menards from 2012 to 2014.**

5724110.1



PLAINTIFF'S
EXHIBIT
F

shipments in 2012 and 2013 to API Outdoors' customer Cabela's Inc., which has retail locations located in Illinois.

       Cabela's Inc.'s headquarters is located at:

       Cabela's Inc.
       1 Cabela Drive
       Sidney, NE 69160
       (308) 254-5505

       API Outdoors' other customers from 2010 to 2013 included Bass Pro Shops (2010-2013), Rogers Sporting Goods (2013), and Dunham's Sports (2012-2013). API Outdoors' customers prior to 2010 and after 2013 are unknown since W W Industrial Corp. only organized shipments for API Outdoors from 2010 through 2013 and therefore does not have access to records related to API Outdoors before or after that period.

       3.     For each of the dealers identified in response to interrogatories 1 and 2 located in Illinois, please identify all products W W Industrial Corp. shipped to, sold to, or distributed to each dealer by product name, model number, UPC, quantity, price, and date of sale or shipment going back to 2003.

       **ANSWER:**  None for the time period 2010 to the present since there are no dealers for W W Industrial Corp. located in Illinois. Information on products shipped, sold, or distributed to Illinois for the period prior to 2010 is unknown since Nathan Stieren acquired W W Industrial Corp. in 2010 and does not have access to records before 2010.

       **FIRST SUPPLEMENTAL ANSWER:**  In addition to its prior answer, W W Industrial Corp. states the following products were sold per year since 2010 to customers with Illinois retail locations:

       a.     **Bass Pro Shops**

              2010 – 1,890 units
              2011 – 24,117 units
              2012 – 5,780 units

       b.     **Buchheit**

               2010 – 1,580 units
               2011 – 850 units

       c.     **Dunham's Sports**

5724110.1

     2010 – 18,054 units
     2011 – 44,364 units
     2012 – 40,285 units
     2013 – 39,156 units

  d.  **Scheels All Sports**

     2010 – 4,548 units
     2011 – 3,048 units

  e.  **Menards**

     2012 – 29,996 units
     2013 – 30,363 units
     2014 – 9,600 units

  W W Industrial Corp. also directs plaintiff to the records of W W Industrial Corp.'s shipments to customers with Illinois retail locations from 2010 through 2014 attached hereto and Bates-labeled as follows:

  WWIC – 0119 through WWIC – 0122 (Bass Pro Shops);

  WWIC – 0123 through WWIC – 0124 (Buchheit);

  WWIC – 0125 through WWIC – 0131 (Menards) (a protective order related to production of these records is no longer requested);

  WWIC – 0132 through WWIC – 0133 (Scheels All Sports);

  WWIC – 0134 through WWIC – 0140 (Dunham's).

  The number of products shipped to these customers that are sold from the customers' Illinois retail locations is unknown since W W Industrial Corp. only ships products to customers' distribution centers and does not know the products' ultimate destination. Additionally, simply because a particular type of product might be shipped to a customer with Illinois retail locations does not mean the customer sells the product from Illinois retail locations since customers do not necessarily sell every product at every one of their stores.

  Customers to whom W W Industrial Corp. shipped product prior to 2010 that have retail locations in Illinois are unknown since Nathan Stieren acquired W W Industrial Corp. in 2010 and does not have access to records before 2010.

W W Industrial Corp. objects to producing information about customers without Illinois retail locations on the grounds that such information is overbroad, burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.

SECOND SUPPLEMENTAL ANSWER: As a preliminary matter, W W Industrial Corp. notes its prior answers provided information on Sniper Treestand brand product shipments. In addition to its prior answers, W W Industrial Corp. states it organized shipments for API Outdoors' products from 2010 through 2013 to the following customers with Illinois retail locations:

a.   Cabela's Inc.

     2012 – 3,216
     2013 – 804

b.   Dunham's Sports

     2012 – 804
     2013 – 804

c.   Bass Pro Shops

     2010 – 80,367
     2011 – 57,296
     2012 – 9,189
     2013 – 7,196

W W Industrial Corp. further directs plaintiff to W W Industrial Corp.'s records of shipments organized for API Outdoors' customers with Illinois retail locations from 2010 through 2013 attached to W W Industrial Corp.'s Second Supplemental Responses and Objections to Plaintiff's First Request for Production of Documents on Personal Jurisdiction and Bates-labeled as:

WWIC – 0174 through WWIC – 0182 (Bass Pro Shops);

WWIC – 0183 (Cabela's Inc.); and

WWIC – 0184 (Dunham's).

The number of products shipped to API Outdoors' customers that were sold from the customers' Illinois retail locations is unknown. For the period 2010 through 2013, W W Industrial Corp. organized shipments to API Outdoors' customers' distribution centers or customers used freight forwarders to ship products and therefore W W Industrial Corp. does not know the products' ultimate destination. Additionally, simply because a particular type of product might be shipped to a customer with Illinois retail

5724110.1

locations does not mean the customer sells the product from Illinois retail locations since customers do not necessarily sell every product at every one of their stores.

W W Industrial Corp. also states it received shipments organized for API Outdoors at W W Industrial Corp.'s office in Windom, Minnesota, for the period 2010 through 2013. Shipments received by W W Industrial Corp. in Windom were subsequently shipped to API Outdoors' customers. W W Industrial Corp. did not record or has no access to records after these shipments were received by W W Industrial Corp. in Windom and therefore does not know the products' ultimate destination. Records of shipments organized for API Outdoors received at W W Industrial Corp.'s office in Windom, Minnesota, for the period 2010 through 2013 are attached to W W Industrial Corp.'s Second Supplemental Responses and Objections to Plaintiff's First Request for Production of Documents on Personal Jurisdiction and Bates-labeled as WWIC – 0186 through WWIC – 0188.

API Outdoors' customers with retail locations in Illinois prior to 2010 and after 2013 are unknown since W W Industrial Corp. only organized shipments for API Outdoors from 2010 through 2013 and therefore does not have access to records related to API Outdoors before or after that period.

W W Industrial Corp. objects to producing information about API Outdoors' customers without Illinois retail locations during the period of 2010 through 2013 on the grounds that such information is overbroad, burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.

4.      For each of the dealers identified in response to interrogatories 1 and 2 located outside of Illinois but within 50 miles of the Illinois border, please identify all products W W Industrial Corp. shipped to, sold to, or distributed to each dealer by product name, model number, UPC, quantity, price, and date of sale or shipment going back to 2003.

ANSWER:  W W Industrial Corp. objects to this interrogatory in that it requests information about dealers located outside of Illinois and is therefore overbroad, burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.  Since there are no dealers for W W Industrial Corp. located in Illinois, the answer to this interrogatory is no W W Industrial Corp. products were shipped, sold, or distributed to an Illinois dealer for the time period 2010 to the present. Information on products shipped, sold, or distributed to Illinois for the period prior to 2010 is unknown since Nathan Stieren acquired W W Industrial Corp. in 2010 and does not have access to records before 2010.

its customers or API Outdoors' customers "in media kits" or "point of purchase materials" does not mean W W Industrial Corp. created these materials or sent them to individuals, companies, dealers, or retailers in Illinois.

21.     Please identify all of W W Industrial Corp.'s manufacturer's representative agencies historically and at present with territory in the State of Illinois, state the timeframe during which each has been W W Industrial Corp.'s manufacturer's representative agency, set forth each agency's yearly sales of W W Industrial Corp.'s products to individuals or business in Illinois, identify the sales representative(s) covering Illinois territory, and explain the terms of the business arrangement with each, including the financial arrangement, employee compensation terms, product and/or educational training W W Industrial provides, instruction W W Industrial provides with respect to product sales, and marketing and promotional support W W Industrial provides.

**ANSWER:  W W Industrial Corp. has not had any manufacturers' representatives in Illinois since 2010.  Manufacturers' representatives W W Industrial utilized prior to 2010 are unknown since Nathan Stieren acquired W W Industrial Corp. in 2010 and does not have access to records before 2010.**

**FIRST SUPPLEMENTAL ANSWER:  In addition to its prior answer, W W Industrial Corp. states it had a joint marketing arrangement with BGHA, Inc., from 2010 through 2013.  During this period, BGHA, Inc., employed Hudalla Associates, Inc., to sell its products, though W W Industrial Corp. never had an agreement with Hudalla Associates, Inc., to represent W W Industrial Corp. or sell its products.  As a result of the joint marketing arrangement between W W Industrial Corp. and BGHA, Inc., however, Hudalla Associates, Inc., represented BGHA, Inc., and W W Industrial Corp. collectively from 2010 through 2013 throughout the continental United States.**

22.     Identify all past and present parent companies, subsidiaries, and sister companies of W W Industrial, Corp., along with the dates of incorporation and dissolution, and state the corporate relationship between each and the nature of the business they transact among one another.

**ANSWER:  None.**

5724110.1

**FIRST SUPPLEMENTAL ANSWER: Amending its prior answer, W W Industrial Corp. states it had a joint marketing arrangement with BGHA, Inc., from 2010 through 2013. BGHA, Inc., and W W Industrial Corp. were and continue to be separate and distinct entities. W W Industrial Corp. further states it recently acquired X-Stand Treestands.**

23.    If W W Industrial Corp., has ever been a party to a lawsuit or administrative

proceeding in any court in Illinois, state the jurisdiction, style of the case, whether lack of

personal jurisdiction was asserted as a defense, and the court's ruling if asserted.

**ANSWER: W W Industrial has not been a party to a lawsuit or administrative proceeding in Illinois since 2010. Whether W W Industrial was involved in a lawsuit or administrative proceeding prior to 2010 is unknown since Nathan Stieren acquired W W Industrial Corp. in 2010 and does not have access to records before 2010.**

**FIRST SUPPLEMENTAL ANSWER: Amending its prior answer, W W Industrial Corp. states it was named as a defendant in *James R. Angles v. WIC, Inc., d/b/a Sniper Treestands*, Case No. 3:13-cv-01018, that was removed on October 1, 2013, from the Circuit Court of the County of St. Clair, Illinois, to the United States District Court for the Southern District of Illinois. W W Industrial Corp. did not assert personal jurisdiction as a defense in that case.**

W W Industrial Corp. also directs plaintiff to James Angle's Complaint attached to W W Industrial Corp.'s Second Supplemental Responses and Objections to Plaintiff's First Request for Production and Bates-labeled as WWIC – 0434 through WWIC – 0438.

SANDBERG PHOENIX & von GONTARD P.C.

By:  _John S. Sandberg, #2451700_
     John S. Sandberg, #2451700
     Andrew D. Ryan, #6270539
     600 Washington Avenue – 15th Floor
     St. Louis, MO  63101-1313
     314-231-3332
     314-241-7604 (Fax)
     jsandberg@sandbergphoenix.com
     aryan@sandbergphoenix.com
     *Attorneys for Defendant*
     *W W Industrial Corp.*

5724110.1