DEC 03 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JORDAN QUEEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:14-cv-00519 |
| W.I.C., INC., d/b/a SNIPER TREESTANDS, et al., | ) ) ) ) |
| Defendants. | ) |

## DEFENDANT W W INDUSTRIAL CORP.'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS ON PERSONAL JURISDICTION

Defendant W W Industrial Corp. (improperly identified as W.I.C., Inc., d/b/a Sniper Treestands) submits the following second supplemental responses to plaintiff's First Request for Production of Documents on Personal Jurisdiction pursuant to Rule 26(e) of the Federal Rules of Civil Procedure:

2.   Please produce documentation identifying W W Industrial Corp's "multiple dealers throughout the United States and Canada" from 2003 to 2014.

**RESPONSE:** None.

**FIRST SUPPLEMENTAL RESPONSE:** In addition to its previous response, W W Industrial Corp. directs plaintiff to the records of W W Industrial Corp.'s customers from 2010 through 2014 attached hereto and Bates-labeled as WWIC – 0167 through WWIC – 0171. Information pertaining to W W Industrial's Corp.'s customers for the period prior to 2010 is unknown since Nathan Stieren acquired W W Industrial Corp. in 2010 and does not have access to records before 2010.

**SECOND SUPPELMENTAL RESPONSE:** As a preliminary matter, W W Industrial Corp. notes its prior answers provided information on Sniper Treestand brand product shipments. In addition to its previous responses, W W Industrial Corp. directs plaintiff to the records of shipments to API Outdoors' customers from 2010 through 2013 attached hereto and Bates-labeled as WWIC – 0174 through WWIC – 0188.

5724040.1

1


PLAINTIFF'S EXHIBIT K

API Outdoors' customers prior to 2010 and after 2013 are unknown since W W Industrial Corp. only organized shipments for API Outdoors' products from 2010 through 2013 and does not have access to records related to API Outdoors before or after that period.

3. Please produce the records documenting the shipments, sales, or distributions which are the subject of Interrogatory number 3 of Plaintiff's First Interrogatories on Personal Jurisdiction Directed to Defendant W W Industrial Corp.

RESPONSE: W W Industrial Corp. objects to this request in that it seeks information about dealers located outside of Illinois and is therefore overbroad, burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence. Since there are no dealers for W W Industrial Corp. located in Illinois, the answer to this request is there are no responsive documents documenting shipments, sales, or distributions to an Illinois dealer for the time period 2010 to the present. Information on products shipped, sold, or distributed to Illinois for the period prior to 2010 is unknown since Nathan Stieren acquired W W Industrial Corp. in 2010 and does not have access to records before 2010.

FIRST SUPPLEMENTAL RESPONSE: In addition to its previous response and objections, W W Industrial Corp. identifies the records of W W Industrial Corp.'s shipments to customers with Illinois retail locations from 2010 through 2014 that was attached to its Initial Disclosures as WWIC – 0118. W W Industrial Corp. also directs plaintiff to the records of W W Industrial Corp.'s shipments to customers with Illinois retail locations from 2010 through 2014 attached hereto and Bates-labeled as follows:

WWIC – 0119 through WWIC – 0122 (Bass Pro Shops);

WWIC – 0123 through WWIC – 0124 (Buchheit);

WWIC – 0125 through WWIC – 0131 (Menards) (a protective order related to production of these records is no longer requested);

WWIC – 0132 through WWIC – 0133 (Scheels All Sports);

WWIC – 0134 through WWIC – 0140 (Dunham's).

SECOND SUPPLEMENTAL RESPONSE: As a preliminary matter, W W Industrial Corp. notes its prior answers provided information on Sniper Treestand brand product shipments. In addition to its previous objections and responses, W W Industrial Corp. identifies the records of W W Industrial Corp.'s shipments to API Outdoors' customers with Illinois retail locations from 2010 through 2013 attached hereto and Bates-labeled as:

WWIC – 0174 through WWIC – 0182 (Bass Pro Shops);

5724040.1

WWIC – 0183 (Cabela's Inc.); and

WWIC – 0184 (Dunham's).

W W Industrial Corp. also states it received shipments organized for API Outdoors at W W Industrial Corp.'s office in Windom, Minnesota, for the period 2010 through 2013. Shipments received by W W Industrial Corp. in Windom were subsequently shipped to API Outdoors' customers. W W Industrial Corp. did not record or has no access to records after these shipments were received by W W Industrial Corp. in Windom and therefore does not know the products' ultimate destination. Records of shipments organized for API Outdoors received at W W Industrial Corp.'s office in Windom, Minnesota, for the period 2010 through 2013 are attached hereto and Bates-labeled as WWIC – 0186 through WWIC – 0188.

6. Please produce copies of sales slips, invoices, purchase orders, sales contracts, business contracts, and inventory documentation as to all sales from attendance by employees or agents of W W Industrial Corp. of trade shows, conventions, presentations, or sales trips in Illinois.

RESPONSE: None for the time period 2010 to the present. Whether product warranty claims were received prior to 2010 is unknown since Nathan Stieren acquired W W Industrial Corp. in 2010 and does not have access to records before 2010.

FIRST SUPPLEMENTAL RESPONSE: In addition to and amending its previous response, W W Industrial Corp. states it had a joint marketing arrangement with BGHA, Inc., from 2010 through 2013. During this period, BGHA, Inc., employed Hudalla Associates, Inc., to sell its products. As a result, W W Industrial Corp. never had a contract or agreement with Hudalla Associates, Inc., to represent W W Industrial Corp. or sell its products and therefore has no documents responsive to this request.

7. Please produce copies of W W Industrial Corp's catalogs from 2003 to 2014.

RESPONSE: See the catalogs for 2010, 2011, 2012, 2013, and 2014 attached hereto and Bates-labeled WWIC-0006 through WWIC-0090. Catalogs published prior to 2010 are unavailable since Nathan Stieren acquired W W Industrial Corp. in 2010 and does not have access to records before 2010.

FIRST SUPPLEMENTAL RESPONSE: In addition to its previous response, W W Industrial Corp. directs plaintiff to the API Outdoors' catalog for 2013 attached hereto and Bates-labeled WWIC – 0189 through WWIC – 0204. W W Industrial Corp. no longer organizes shipments for API Outdoors' products and does not have access to API Outdoors' catalogs for 2010, 2011, and 2012. API Outdoors' catalogs published prior to

5724040.1

2010 and after 2013 are unavailable since W W Industrial Corp. only organized shipments for API Outdoors' products from 2010 through 2013 and does not have access to records related to API Outdoors before or after that period.

  9. Please produce sales slips, invoices, purchase orders, and inventory documentation pertaining to products sold or shipped to individuals or businesses in Illinois each year from 2003 to 2014.

  **RESPONSE:** W W Industrial will produce documentation for products shipped to Menards' Illinois Distribution Center since 2012 upon entry of a Court-approved Protective Order. Documentation for products sold or shipped prior to 2010 is unavailable since Nathan Stieren acquired W W Industrial Corp. in 2010 and does not have access to records before 2010.

  **FIRST SUPPLEMENTAL RESPONSE:** In addition to its previous response, see the records of W W Industrial Corp.'s shipments to customers with Illinois retail locations from 2010 through 2014 attached hereto and Bates-labeled as follows:

  WWIC – 0119 through WWIC – 0122 (Bass Pro Shops);

  WWIC – 0123 through WWIC – 0124 (Buchheit);

  WWIC – 0125 through WWIC – 0131 (Menards) (a protective order related to production of these records is no longer requested);

  WWIC – 0132 through WWIC – 0133 (Scheels All Sports);

  WWIC – 0134 through WWIC – 0140 (Dunham's).

  **SECOND SUPPLEMENTAL RESPONSE:** As a preliminary matter, W W Industrial Corp. notes its prior answers provided information on Sniper Treestand brand product shipments. In addition to its previous responses, W W Industrial Corp. identifies the records of W W Industrial Corp.'s shipments to API Outdoors' customers with Illinois retail locations from 2010 through 2013 attached hereto and Bates-labeled as:

  WWIC – 0174 through WWIC – 0182 (Bass Pro Shops);

  WWIC – 0183 (Cabela's Inc.); and

  WWIC – 0184 (Dunham's).

  W W Industrial Corp. also states it received shipments organized for API Outdoors at W W Industrial Corp.'s office in Windom, Minnesota, for the period 2010 through 2013. Shipments received by W W Industrial Corp. in Windom were subsequently shipped to

API Outdoors' customers. W W Industrial Corp. did not record or has no access to records after these shipments were received by W W Industrial Corp. in Windom and therefore does not know the products' ultimate destination. Records of shipments organized for API Outdoors received at W W Industrial Corp.'s office in Windom, Minnesota, for the period 2010 through 2013 are attached hereto and Bates-labeled as WWIC – 0186 through WWIC – 0188.

12. Please produce copies of any "media kit" or "point of purchase materials" sent to individuals, companies, dealers or retailers in Illinois between 2003 and 2014.

RESPONSE: None for the time period 2010 to the present. Whether any "media kits" or "point of purchase materials" were sent to Illinois prior to 2010 is unknown since Nathan Stieren acquired W W Industrial Corp. in 2010 and does not have access to records before 2010.

FIRST SUPPLEMENTAL RESPONSE: As a preliminary matter, W W Industrial Corp. notes its prior answers provided information on Sniper Treestand brand product shipments. In addition to its previous response, W W Industrial Corp. states BGHA, Inc., and a third-party consultant provided marketing services for W W Industrial Corp. from 2010 through 2013 pursuant to a joint marketing arrangement with BGHA, Inc. During this period, BGHA, Inc., and the third-party consultant provided marketing services, including any "media kits" or "point of purchase materials," for W W Industrial Corp.'s products. As such, any "media kits" or "point of purchase materials" for W W Industrial Corp.'s products were created by BGHA, Inc., and the third-party consultant and therefore W W Industrial Corp. has no documents responsive to this request.

Moreover, W W Industrial Corp. acknowledges its customers or API Outdoors' customers that received shipments W W Industrial Corp. organized may have adapted for use as "point of purchase materials" at their retail locations marketing materials, instruction manuals, packaging information, or other materials W W Industrial Corp. created. The number of "point of purchase materials" sent to Illinois is unknown because these materials are generated and distributed entirely by the customers without W W Industrial Corp.'s knowledge. Additionally, simply because materials W W Industrial Corp. created were or are used by its customers or API Outdoors' customers "in media kits" or "point of purchase materials" does not mean W W Industrial Corp. created these materials or sent them to individuals, companies, dealers, or retailers in Illinois.

In further response, W W Industrial Corp. directs plaintiff to the catalogs for 2010, 2011, 2012, 2013, and 2014 previously attached to its First Supplemental Responses to Plaintiff's First Request for Production on Personal Jurisdiction and Bates-labeled WWIC – 0006 through WWIC – 0090. W W Industrial Corp. also directs plaintiff to the Scout Model STLS41 Instruction Manual Bates-labeled as WWIC – 0091 through WWIC – 0102, the Scout Model STLS41 Specifications Bates-labeled as WWIC – 0103, and the Scout Model Warning Labels Bates-labeled as WWIC – 0104 previously attached to W W Industrial Corp.'s Initial Rule 26 Disclosures.

5724040.1