UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| JORDAN QUEEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 3:14-cv-00519 |
| ) | |
| W.I.C., INC. d/b/a SNIPER ) | **JURY TRIAL DEMANDED** |
| TREESTANDS, et al. ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT W W INDUSTRIAL CORP.'S FIRST SUPPLEMENTAL ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST INTERROGATORIES

Defendant W W Industrial Corp. (improperly identified as W.I.C., Inc. d/b/a Sniper Treestands) submits the following first supplemental answers and objections to plaintiff's First Interrogatories pursuant to Rule 26(e) of the Federal Rules of Civil Procedure:

### INTERROGATORIES

5. State whether this defendant sold the subject STLS41 treestand.

   a) If so, state:

      i) The name and address of the person or entity primarily responsible for the sale, and give the approximate date of the sale;

      ii) The name and address of the person or entity which bought the treestand from this defendant;

      iii) How the purchasing entity took receipt of the treestand;

      iv) With respect to the compensation this defendant received when it sold the treestand, state the date such compensation was paid, the form of such payment, whether by check, money order, cash, bank

5753754.1

1



transfer, etc., and the name of the entity making the payment and to whom the payment was made payable, and the unit price.

**ANSWER:** Yes, W W Industrial Corp. sold the subject STLS41 treestand.

    i) Nathan Stieren
    Chief Executive Officer
    W W Industrial Corp.
    14607 Felton Court, Suite 116
    Apple Valley, MN 55124

    ii) Dunham's Sports
    5607 New King Dr.
    Ste. 125
    Troy, MI 48098

    iii) The subject STLS41 treestand was shipped to Dunham's Marion, Indiana, distribution center in a 40 foot shipping container.

    iv) To be supplemented.

## FIRST SUPPLEMENTAL ANSWER:

    iv) In addition to its previous answer, W W Industrial Corp. objects to this subpart of plaintiff's interrogatory requesting the unit price W W Industrial Corp. received when it sold the subject treestand because the information is private and confidential commercial information whose production would cause W W Industrial Corp. to experience annoyance, oppression, and undue burden. This subpart is also objectionable because it seeks irrelevant and immaterial information that is not reasonably calculated to lead to the discovery admissible evidence. Subject to the foregoing objection, this information will be produced subsequent to the Court's entry of a Stipulated Protective Order.

    In further response, the date W W Industrial Corp. received payment, the form of such payment, the name of the entity making the payment, and to whom the payment was made with respect to the subject STLS41 treestand are unknown because W W Industrial Corp. does not retain detailed records of payments.

7. State whether this defendant from 2005 to present received any report, notice or complaint regarding any incident in which the model STLS41 or any other W W Industrial Corp.

5753754.1

2

model treestand was involved in which it was alleged any part of the treestand bent or otherwise failed; if so, state:

    a) The model and/or make of the treestand;

    b) The name and part number of the component that bent or failed;

    c) Whether it was alleged to have caused or contributed to cause an injury;

    d) Time, date and location of the incident;

    e) Describe the incident including the use to which the treestand was put and the nature of the accident;

    f) State the name and address of each such injured person and a brief description of their injuries;

    g) Whether a claim or suit was filed as a result, and if so, the forum in which the suit was filed, and the name and address of each person or entity against whom the claim or suit was brought, along with the name and address of the plaintiff's attorney and law firm;

    h) The serial number or other identification number of the make or model of the treestand involved; and

    i) Identify any documents which relate to each such incident.

**ANSWER:** W W Industrial Corp. has not received any reports, notices, or complaints for the time period 2010 to the present alleging any part of a treestand sold or distributed by W W Industrial Corp. bent or otherwise failed. Information on reports, notices, or complaints received for the prior to 2010 is unknown because Nathan Stieren acquired W W Industrial Corp. in 2010 and does not have access to records before 2010.

**FIRST SUPPLEMENTAL ANSWER:** In addition to its prior response, W W Industrial Corp. identifies the following lawsuits alleging a component of a W W Industrial Corp. treestand bent or failed:

1. *James R. Angles v. WIC, Inc., d/b/a Sniper Treestands*

a)-e)  James Angles alleged an STCS20 stick treestand "bent and/or broke and collapsed" while he was attempting to remove it from a tree in Dix, Illinois, on September 4, 2011, causing him to fall to the ground.

f)  James R. Angles. Mr. Angles' Complaint alleged he fractured his vertebrae and cut his forehead.

g)  Yes. W W Industrial Corp. states it was named as the only defendant in *James R. Angles v. WIC, Inc., d/b/a Sniper Treestands*, Case No. 3:13-cv-01018, that was removed on October 1, 2013, from the Circuit Court of the County of St. Clair, Illinois, to the United States District Court for the Southern District of Illinois. Mr. Angles was represented by Jon E. Rosenstengel, Bonifield & Rosenstengel, P.C., 16 East Main Street, Belleville, Illinois 62220.

h)  Unknown.

i)  W W Industrial Corp. directs plaintiff to James Angles' Complaint attached to W W Industrial Corp.'s Second Supplemental Responses and Objections to Plaintiff's First Request for Production of Documents and Bates-labeled as WWIC – 0434 through WWIC – 0438.

2.  *Andrew Beach v. Bass Pro Outdoor Online, LLC, et al.*

a)-e)  Andrew Beach alleges he was injured in Shannon County, Missouri, on November 6, 2010, because the center strut, support bar, and brace of a treestand W W Industrial Corp. manufactured were missing.

f)  Andrew Beach. Mr. Beach's Petition generally alleges injures to his entire body and specifically identifies fractures of his right leg.

g)  Yes. *Andrew Beach v. Bass Pro Outdoor Online, LLC, et al.*, Case No. 11AN-CV00139, filed on September 16, 2013, in the Circuit Court of Shannon County, Missouri. Mr. Beach's Original Petition names and provides addresses for the following defendants:

>Ernest Alexander Rutledge
>Hwy FF North, CR 459
>Birch Tree, MO 65438
>
>Lynda B. Rutledge
>Hwy FF North, CR 459
>Birch Tree, MO 65438
>
>Alexander Rutledge Guide Service, LLC
>Hwy FF North, CR 459
>Birch Tree, MO 65438

Mr. Beach's Amended Petition names and provides addresses for the following defendants in addition to Ernest Alexander Rutledge, Lynda B. Rutledge, and Alexander Rutledge Guide Service, LLC:

> Bass Pro Outdoor Online, LLC
> CT Corporation System – Registered Agent
> 120 S. Central Ave.
> St. Louis Missouri

> World Wide Industrial Corp.
> 680 North Redding Ave.
> Windom, MN 56101

> WW Industrial Corp.
> 680 North Redding
> Windom, MN 56101

> Worldwide Industrial, Inc.
> (No address provided)

> Tod Quiring
> 2721 S. Kalash Rd.
> Windom, MN 56101

> Nathan Stieren
> 2765 Kalash Rd.
> Windom, MN 56101

> BGHA, Inc. d/b/a Big Game Tree Stands
> 1680 North Redding Ave.
> Windom, MN 56101

Mr. Beach is represented by Mathew W. Placzek, Placzek Winget & Placzek, 1722 S. Glenstone, Suite J, Springfield, MO 65804.

    h)    Unknown.

    i)    W W Industrial Corp. directs plaintiff to Andrew Beach's Amended Petition attached to W W Industrial Corp.'s Second Supplemental Responses and Objections to Plaintiff's First Request for Production of Documents and Bates-labeled as WWIC – 0439 through WWIC – 0457.

5753754.1