## IN THE CIRCUIT COURT OF SHANNON COUNTY, MISSOURI

ANDREW BEACH, )
)
        Plaintiff, )
)
vs. )    Case No. 11AN-CV00139
)
BASS PRO OUTDOOR ONLINE, LLC )
)
    Serve:  CT Corporation System )
    120 S. Central Ave. )
    St. Louis, MO 63105 )
)
WORLD WIDE INDUSTRIAL CORP. )
)
    Serve: Officers Thomas Quiring )
    Tod Quiring or or Nathan Stieren )
    680 North Redding Ave )
    Windom, MN 56101 )
)
WW INDUSTRIAL CORP. )
)
    Serve: Officers Thomas Quiring )
    Tod Quiring or or Nathan Stieren )
    680 North Redding Ave )
    Windom, MN 56101 )
)
WORLDWIDE INDUSTRIAL, INC. )
)
TOD QUIRING )
)
    Serve: 2721 S. Kalash Rd )
    Windom, MN 56101 )
)
NATHAN STIEREN )
)
    Serve: 2765 Kalash Rd )
    Windom, MN 56101 )
)
BGHA, Inc. d/b/a Big Game Tree Stands )
)



F I L E D

MAY 3 0 2013

MELANY WILLIAMS
Circuit Clerk and Ex-Officio Recorder



PLAINTIFF'S
EXHIBIT

Serve: Officer Tod Quiring )
1680 North Redding Ave )
Windom, MN 56101 )
                     )
ERNEST ALEXANDER RUTLEDGE, )
LYNDA B. RUTLEDGE, )
ALEX RUTLEDGE GUIDE SERVICE, )
L.L.C. )
                     )
            Defendants. )

## SECOND AMENDED PETITION

### Allegations Common to all Counts

COMES NOW plaintiff, by and through his attorneys of record, and for his claim and cause of action against defendants, states to the Court as follows:

1.      That plaintiff's cause of action arises out of an incident that occurred on November 6, 2010 in Shannon County, Missouri.

2.      That venue is proper in this court in that the cause of action accrued in Shannon County, Missouri.

3.      That at all times mentioned herein, defendants Ernest Rutledge, Lynda Rutledge and Alex Rutledge Guide Service, L.L.C. (hereinafter referred to as "defendants Rutledge") owned, managed, controlled or supervised the property where plaintiff was injured or the events that led to plaintiff's injury on November 6, 2010.

4.      That on November 6, 2010, plaintiff was hunting on land owned by defendants Rutledge.

5.      That in connection with plaintiff's hunt, plaintiff used a tree stand in a tree selected and provided by defendants Rutledge.

2

6.      That the tree stand selected and used by defendants Rutledge (hereinafter referred to as "the subject tree stand") was manufactured, made, designed, assembled, marketed and distributed by API Outdoors, Inc., defendant Bass Pro Online, L.L.C. (hereinafter referred to as "Bass Pro"), defendants World Wide Industrial Corp., WW Industrial Corp., and World Wide Industrial, Inc. (hereinafter referred to as "defendants World Wide"), defendant BGHA, Inc., defendant Quiring and defendant Stieren.

7.      That at all times relevant herein, defendant Bass Pro was the parent or successor corporation to API Outdoors, Inc.; and that defendant Bass Pro is liable as the parent or successor to API Outdoors, Inc.

8.      That at all times relevant herein, defendant Bass Pro used, managed, controlled, operated and benefited from the internet website used by API Outdoors, Inc. found at www.apioutdoors.com

9.      That at all times relevant herein, the agents, employees and representatives of API Outdoors, Inc. were working within the course and scope of their agency and employment; and that defendant Bass Pro is vicariously liable for the conduct, acts and omissions of API Outdoors, Inc. and its agents, employees and representatives.

10.     That defendants World Wide are the parent or successor corporation to API Outdoors, Inc.; and that defendants World Wide are liable as the parent or successor to API Outdoors, Inc.

11.     That in the past, defendants World Wide have done business as Remington Treestands.

3

12.     That at all times relevant herein, defendants World Wide are liable for the conduct, acts and omissions of API Outdoors, Inc.; and that defendants World Wide are vicariously liable for the conduct, acts and omissions of any API Outdoors, Inc.'s agents, employees and representatives.

13.     That defendant BGHA, Inc. is the parent or successor to API Outdoors, Inc.; and that defendant BGHA, Inc. is liable as the parent or successor to API Outdoors, Inc.

14.     That in the past, BGHA, Inc. has done business as Big Game Tree Stands.

15.     That at all times relevant herein, defendant BGHA, Inc. is liable for the conduct, acts and omissions of API Outdoors, Inc.; and that defendant BGHA, Inc. is vicariously liable for the conduct, acts and omissions of any API Outdoors, Inc.'s agents, employees and representatives.

16.     That defendant BGHA, Inc. is a Minnesota Corporation organized to do and doing business in the state of Minnesota.

17.     That defendant Tod Quiring is or was an owner, agent, operator, incorporator and officer of defendants World Wide and defendant BGHA, Inc.

18.     That defendant Nathan Stieren is or was an owner, agent, operator, incorporator and officer of defendant BGHA, Inc.

4

## COUNT I — Claims Against Defendants

## Bass Pro, World Wide, BGHA, Inc., Quiring and Stieren

## (Negligence)

COMES NOW plaintiff and for Count I of his Second Amended Petition against defendants Bass Pro, World Wide, BGHA, Inc., Quiring and Stieren states to the court as follows:

19.    That plaintiff realleges and incorporates herein by reference each and every allegation set forth in paragraphs 1 through 18 of his Second Amended petition.

20.    That defendants Bass Pro, World Wide, BGHA, Inc., Tod Quiring, Nathan and Stieren are parent or successors in interest of API Outdoors, Inc.

21.    That at all times relevant herein, the subject tree stand referred to herein was manufactured, designed, assembled, marketed and sold by API Outdoors, Inc. and defendants Bass Pro, World Wide, BGHA, Inc., Quiring and Stieren.

22.    That prior to November 6, 2010, API Outdoors, Inc. and defendants Bass Pro, World Wide, BGHA, Inc., Quiring and Stieren gave to, provided or supplied to defendants Ernest Alexander Rutledge, Lynda B. Rutledge and Alex Rutledge Guide Service, L.L.C. the subject tree stand referred to herein; that when the subject tree stand was given to defendants Rutledge, it did not include all of the parts and pieces that were needed for its safe use; that, when the subject tree stand was given to defendants Rutledge, the items given did not include a center support strut, bar or brace; that said center support strut, bar or brace was a vital part of said tree stand; and that without said center strut, support bar or brace, the subject tree stand was dangerous when put to a reasonably anticipated use and would not function as designed or as intended.

5

23.     That prior to November 6, 2010, defendant Alex Rutledge assembled the subject tree stand that was manufactured, designed, assembled, sold and owned by defendants Bass Pro, World Wide, BGHA, Inc., Quiring and Stieren; that when assembled, the subject tree stand contained all of the pieces and parts that were initially included with it, but, as alleged above, the subject tree stand, as fully assembled with all of the parts and pieces originally provided, STILL did not have a center strut support bar or brace; that the subject tree stand did not have a center strut, support bar or brace due to the fact that API Outdoors, Inc. and defendants Bass Pro, World Wide, BGHA, Inc., Quiring and Stieren failed to provide these critical parts and components when it provided the subject tree stand to the other defendants; that the subject tree stand failed on November 6, 2010, because it did not have all of the necessary parts--the most critical part being the center strut, support bar or brace that was never provided; and that as a result of not including all of the necessary parts and pieces when API Outdoors, Inc., defendants Bass Pro, World Wide, BGHA, Inc., Quiring and Stieren provided the subject tree stand to defendants Rutledge, the subject tree stand failed, did not function as intended or designed and caused or contributed to cause plaintiff to suffer severe permanent injuries as alleged herein.

24.     That API Outdoors, Inc. and defendants Bass Pro, World Wide, BGHA, Inc., Quiring and Stieren were negligent in that they failed to provide all of the parts and pieces of the subject tree stand when the subject tree stand was given, provided or supplied by them to defendants Rutledge.

25.     That the negligence of API Outdoors, Inc. and defendants Bass Pro, World Wide, BGHA, Inc., Quiring and Stieren caused, contributed to cause or combined with the acts of the defendants Rutledge to directly cause damage to the plaintiff.

26.     That after API Outdoors, Inc. and defendants Bass Pro, World Wide, BGHA, Inc., Quiring and Stieren provided the subject tree stand with parts missing from it, it was foreseeable that the person or entity receiving said tree stand would assemble and use the subject tree stand using only the parts and pieces that were initially provided to defendants Rutledge.

27.     That as a result of defendants' negligence, plaintiff suffered injury to his entire body, including his right leg which consisted of tibia and fibula complex comminuted fractures.

28.     That plaintiff has suffered all of the above injuries, pain and suffering since the date of the accident, suffers from them at the present time and will suffer from them in the future; and that said injuries, pain and damages are permanent and progressive.

29.     That due to his injuries, plaintiff has paid or become obligated for and will in the future pay or become obligated for items of damage in obtaining and receiving medical care and treatment.

30.     That before the accident, plaintiff was an able-bodied person capable of performing work and labor; that as a direct and proximate result of his injuries, plaintiff has and in the future will suffer lost wages, earnings, salary and profit; and that he has and in the future will suffer an impaired and diminished capacity for work, labor and pleasure.

31.     That by reason of all of the foregoing, plaintiff has been damaged and is entitled to such sums as are fair and reasonable.

WHEREFORE, plaintiff prays for judgment against defendants Bass Pro, World Wide, BGHA, Inc., Quiring and Stieren in an amount that is fair and reasonable, for his

costs and expenses herein laid out and expended and for such other and further relief as the court deems just and proper in the premises.

## COUNT II—Claims Against Defendants

## Bass Pro, World Wide, BGHA, Inc., Quiring and Stieren

## (Negligent Manufacture)

COMES NOW plaintiff, and for Count II of his Second Amended Petition against defendants Bass Pro, World Wide, BGHA, INc., Quiring and Stieren, states to the court as follows:

32.     That plaintiff realleges and incorporates herein by reference each and every allegation set forth in paragraphs 1 through 31 of his Second Amended petition.

33.     That defendants Bass Pro, World Wide, BGHA, Inc., Tod Quiring, Nathan and Stieren manufactured the subject tree stand referred to herein.

34.     That the subject tree stand was detective, unsafe and dangerous due to the fact that it did not include all of the pieces and parts, as alleged herein, including the center strut, support bar or brace.

35.     That defendants failed to use ordinary care to manufacture the subject tree stand to be reasonably safe.

36.     That, as a direct result of such failure, plaintiff suffered damage.

37.     That the negligence of defendants caused, contributed to cause or combined with the acts of defendants Rutledge to directly cause damage to the plaintiff.

38.     That as a result of defendants' negligence, plaintiff suffered injury to his entire body, including his right leg which consisted of tibia and fibula complex comminuted fractures.

39.     That plaintiff has suffered all of the above injuries, pain and suffering since the date of the accident, suffers from them at the present time and will suffer from them in the future; and that said injuries, pain and damages are permanent and progressive.

40.     That due to his injuries, plaintiff has paid or become obligated for and will in the future pay or become obligated for items of damage in obtaining and receiving medical care and treatment.

41.     That before the accident, plaintiff was an able-bodied person capable of performing work and labor; that as a direct and proximate result of his injuries, plaintiff has and in the future will suffer lost wages, earnings, salary and profit; and that he has and in the future will suffer an impaired and diminished capacity for work, labor and pleasure.

42.     That by reason of all of the foregoing, plaintiff has been damaged and is entitled to such sums as are fair and reasonable.

WHEREFORE, plaintiff prays for judgment against defendants Bass Pro, World Wide, BGHA, Inc., Quiring and Stieren in an amount that is fair and reasonable, for his costs and expenses herein laid out and expended and for such other and further relief as the court deems just and proper in the premises.

## Count III — Claims Against Defendants

## Bass Pro, World Wide, BGHA, Inc., Quiring and Stieren

## (Negligent Design)

COMES NOW plaintiff, and for Count III of his Second Amended Petition against defendants Bass Pro, World Wide, BGHA, Inc., Tod Quiring, Nathan and Stieren states as follows:

43.     That plaintiff realleges and incorporates herein by reference each and every allegation set forth in paragraphs 1 through 42 of his Second Amended Petition.

44.     That defendants Bass Pro, World Wide, BGHA, Inc., Tod Quiring, Nathan and Stieren designed the subject tree stand referred to herein.

45.     That the subject tree stand was detective, unsafe and dangerous due to the fact that:

    a.     Its design did not provide for support of the ladder, thereby eliminating the need for the center strut, support or brace that was not initially included when the subject tree stand was given to defendants Rutledge;

    b.     The fact that the center strut, support or brace (the part that was not included) was not permanently affixed to the stand's ladder or some other component of the subject tree stand; and

    c.     The fact that it did not include all of the pieces and parts including the center strut, support bar or brace.

46.     That defendants failed to use ordinary care to design the subject tree stand to be reasonably safe.

47.     That as a direct result of such failure, plaintiff suffered damage.

48.     That the negligence of defendants caused, contributed to cause or combined with the acts of defendants Rutledge to directly cause damage to the plaintiff.

49.     That as a result of defendants' negligence, plaintiff suffered injury to his entire body, including his right leg which consisted of tibia and fibula complex comminuted fractures.

50.     That plaintiff has suffered all of the above injuries, pain and suffering since the date of the accident, suffers from them at the present time and will suffer from them in the future; and that said injuries, pain and damages are permanent and progressive.

51.     That due to his injuries, plaintiff has paid or become obligated for and will in the future pay or become obligated for items of damage in obtaining and receiving medical care and treatment.

52.     That before the accident, plaintiff was an able-bodied person capable of performing work and labor; that as a direct and proximate result of his injuries, plaintiff has and in the future will suffer lost wages, earnings, salary and profit; and that he has and in the future will suffer an impaired and diminished capacity for work, labor and pleasure.

53.     That by reason of all of the foregoing, plaintiff has been damaged and is entitled to such sums as are fair and reasonable.

WHEREFORE, plaintiff prays for judgment against defendants Bass Pro, World Wide, BGHA, Inc., Quiring and Stieren in an amount that is fair and reasonable, for his costs and expenses herein laid out and expended and for such other and further relief as the court deems just and proper in the premises.

## Count IV— Claims Against Defendants

## Bass Pro, World Wide, BGHA, Inc., Quiring and Stieren

### (Negligent Failure to Warn)

COMES NOW plaintiff, and for Count IV of his Second Amended Petition against defendants Bass Pro, World Wide, BGHA, Inc., Tod Quiring, Nathan and Stieren states as follows:

11

54.     That plaintiff realleges and incorporates herein by reference each and every allegation set forth in paragraphs 1 through 53 of his Second Amended petition.

55.     That defendants Bass Pro, World Wide, BGHA, Inc., Tod Quiring, Nathan and Stieren manufactured or designed the subject tree stand referred to herein.

56.     That the subject tree stand was detective, unsafe and dangerous due to the fact that it did not include all of the pieces and parts, as alleged herein, including the center strut, support bar or brace.

57.     That defendants failed to use ordinary care to adequately warn of the risk of harm relating to the fact that not all of the pieces and parts, including the center strut, support or brace, were not included with the subject tree stand referred to herein.

58.     That as a direct result of such failure, plaintiff suffered damage.

59.     That the negligence of defendants caused, contributed to cause or combined with the acts of defendants Rutledge to directly cause damage to the plaintiff.

60.     That as a result of defendants' negligence, plaintiff suffered injury to his entire body, including his right leg which consisted of tibia and fibula complex comminuted fractures.

61.     That plaintiff has suffered all of the above injuries, pain and suffering since the date of the accident, suffers from them at the present time and will suffer from them in the future; and that said injuries, pain and damages are permanent and progressive.

62.     That due to his injuries, plaintiff has paid or become obligated for and will in the future pay or become obligated for items of damage in obtaining and receiving medical care and treatment.

63.     That before the accident, plaintiff was an able-bodied person capable of performing work and labor; that as a direct and proximate result of his injuries, plaintiff

12

has and in the future will suffer lost wages, earnings, salary and profit; and that he has and in the future will suffer an impaired and diminished capacity for work, labor and pleasure.

64.    That by reason of all of the foregoing, plaintiff has been damaged and is entitled to such sums as are fair and reasonable.

WHEREFORE, plaintiff prays for judgment against defendants Bass Pro, World Wide, BGHA, Inc., Quiring and Stieren in an amount that is fair and reasonable, for his costs and expenses herein laid out and expended and for such other and further relief as the court deems just and proper in the premises.

## Count V— Claims Against Defendants

## Bass Pro, World Wide, BGHA, Inc., Quiring and Stieren

## (Negligently Supplying Dangerous Instrumentality)

COMES NOW plaintiff, and for Count V of his Second Amended Petition against defendants Bass Pro, World Wide, BGHA, Inc., Tod Quiring, Nathan and Stieren states as follows:

65.    That plaintiff realleges and incorporates herein by reference each and every allegation set forth in paragraphs 1 through 64 of his Second Amended Petition.

66.    That defendants Bass Pro, World Wide, BGHA, Inc., Tod Quiring, Nathan and Stieren supplied the subject tree stand referred to herein for use.

67.    That the subject tree stand referred to herein, when supplied, did not contain all of the necessary pieces and parts, including the center strut, support or brace, and was therefore dangerous when put to a reasonably expected use.

68.    That the subject tree stand referred to herein was put to a reasonably expected use.

69.   That defendants had no reason to believe that those for whose use the subject tree stand was supplied would realize its dangerous condition.

70.   That defendants knew or had information from which defendants, in the exercise of ordinary care, should have known of such dangerous condition.

71.   That defendants failed to adequately warn of such dangerous condition.

72.   That defendants were thereby negligent.

73.   That the negligence of defendants caused, contributed to cause or combined with the acts of defendants Rutledge to directly cause damage to the plaintiff.

74.   That as a result of defendants' negligence, plaintiff suffered injury to his entire body, including his right leg which consisted of tibia and fibula complex comminuted fractures.

75.   That plaintiff has suffered all of the above injuries, pain and suffering since the date of the accident, suffers from them at the present time and will suffer from them in the future; and that said injuries, pain and damages are permanent and progressive.

76.   That due to his injuries, plaintiff has paid or become obligated for and will in the future pay or become obligated for items of damage in obtaining and receiving medical care and treatment.

77.   That before the accident, plaintiff was an able-bodied person capable of performing work and labor; that as a direct and proximate result of his injuries, plaintiff has and in the future will suffer lost wages, earnings, salary and profit; and that he has and in the future will suffer an impaired and diminished capacity for work, labor and pleasure.

78.   That by reason of all of the foregoing, plaintiff has been damaged and is entitled to such sums as are fair and reasonable.

WHEREFORE, plaintiff prays for judgment against defendants Bass Pro, World Wide, BGHA, Inc., Quiring and Stieren in an amount that is fair and reasonable, for his costs and expenses herein laid out and expended and for such other and further relief as the court deems just and proper in the premises.

### Count VII—Claims against defendants Rutledge

COMES NOW plaintiff, and for Count VII of his Second Amended Petition against defendants Rutledge state to the court as follows:

79.    That plaintiff realleges and incorporates herein by reference each and every allegation set forth in paragraphs 1-78 of plaintiff's Second Amended Petition.

80.    That the tree stand selected and provided (hereinafter referred to as "the subject tree stand") by defendants Rutledge was not reasonably safe and defective in that it did not have a center strut, support or brace and was not properly attached or connected to the tree in which it was being used; and that said defendants knew or should have known that the subject tree stand was not reasonably safe and defective.

81.    That defendants Rutledge directed plaintiff to use the subject tree stand that was not reasonably safe and defective.

82.    That after plaintiff noticed that there were problems with the subject tree stand, he contacted defendants Rutledge; that defendants attempted, without success, to adjust, tighten or otherwise more steadily secure the subject tree stand; that, thereafter, plaintiff was instructed and directed by defendants to get out of the subject tree stand by walking down said tree stand's ladder; and that when plaintiff started to descend the tree stand, the stand collapsed (because it did not have a center strut, support or brace) causing plaintiff to fall to the ground impacting his right leg resulting in right tibia and fibula complex comminuted fractures.

15

83.     That at all times mentioned herein, defendants were engaged in incidental farming on their property and on the property where plaintiff's accident occurred.

84.     That at all times mentioned herein, the deer on defendants' property were maintained on the property principally for personal pleasure or personal consumption.

85.     That at all times mentioned herein, there was a tree stand on defendants' property that was unsafe, defective and unreasonably dangerous, and as a result, defendants' property was not reasonably safe.

86.     That defendants Rutledge knew or by using ordinary care could have known of this condition.

87.     That defendants Rutledge failed to use ordinary care to remove the tree stand or warn of it.

88.     That defendants Rutledge knew or had information which defendants, in the exercise of ordinary care, should have known that a person such as plaintiff would not discover such condition or realize the risk of harm.

89.     That, in addition, defendants Rutledge were negligent in the following respects:

        a.     In failing to safely secure the tree stand to the tree so that it would not collapse, fall or come loose upon use;

        b.     In failing to test the tree stand to make sure that it could securely hold the weight of a person such as plaintiff;

        c.     In failing to warn plaintiff that the tree stand in question was not safely secured and was unreasonably dangerous;

        d.     In telling, instructing or recommending that plaintiff descend the steps of the ladder of the tree stand when they knew or should have known that

16

the tree stand was not secured and that there was no center strut, support or brace that would have secured the ladder or the subject tree stand;

  e. In failing to inspect the tree stand before making it available for plaintiff's use;

  f. In failing to provide adequate instruction to plaintiff as to how to properly use the tree stand in question;

  g. In failing to ensure that the subject tree stand had a center strut, support or brace; and

  h. In failing to warn the plaintiff that the subject tree stand did not have a center strut, support or brace.

  90. That defendants' negligence caused, contributed to cause or combined with the acts of defendants Bass Pro, World Wide, BGHA, Inc., Quiring and Stieren to directly cause damage to plaintiff.

  91. That as a result of defendants' negligence, plaintiff suffered injury to his entire body, including his right leg which consisted of tibia and fibula complex comminuted fractures.

  92. That plaintiff has suffered all of the above injuries, pain and suffering since the date of the accident, suffers from them at the present time and will suffer from them in the future; and that said injuries, pain and damages are permanent and progressive.

  93. That due to his injuries, plaintiff has paid or become obligated for and will in the future pay or become obligated for items of damage in obtaining and receiving medical care and treatment.

  94. That before the accident, plaintiff was an able-bodied person capable of performing work and labor; that as a direct and proximate result of his injuries, plaintiff

has and in the future will suffer lost wages, earnings, salary and profit; and that he has and in the future will suffer an impaired and diminished capacity for work, labor and pleasure.

95.    That by reason of all of the foregoing, plaintiff has been damaged and is entitled to such sums as are fair and reasonable.

WHEREFORE, plaintiff prays for judgment against defendants Ernest Alexander Rutledge, Lynda B. Rutledge and Alex Rutledge Guide Service, L.L.C. in an amount that is fair and reasonable, for his costs and expenses herein laid out and expended and for such other and further relief as the court deems just and proper in the premises.

PLACZEK WINGET & PLACZEK

By: _____

MATHEW W. PLACZEK
Missouri Bar No. 24819
mplaczek@pwplawfirm.com
JOSEPH P. WINGET
Missouri Bar No. 38202
jwinget@pwplawfirm.com
4905 S. National, Suite A-112
Springfield, MO 65810
Phone:  417-883-4000
Fax:  417-887-1507
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29ᵗʰ day of May, 2013, a true and correct copy of the foregoing was mailed via U.S. Mail to:

Steve Snead
Wallace Saunders Austin Brown Enochs
702 Hammons Tower
901 St. Louis St.
Springfield, MO 65806
*Attorney for Defendants Ernest & Lynda Rutledge & Alex Rutledge Guide Service*

Worldwide Industrial, Inc.
Attn: Nancy Kurtz, Authorized Agent
Secretary of State
60 Empire Drive, Suite 100
St. Paul, MN 55103