UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| JORDAN QUEEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:14-cv-00519-DRH |
| Vs. ) | |
| ) | |
| W.I.C., INC. d/b/a SNIPER TREESTANDS ) | |
| and DUNHAM'S ATHLEISURE ) | |
| CORPORATION d/b/a ) | |
| DUNHAM'S SPORTS, ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFF JORDAN QUEEN'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

COMES NOW Plaintiff Jordan Queen, by and through his attorneys, Onder, Shelton, O'Leary & Peterson, LLC, and pursuant Fed. R. Civ. P. 15(a)(2) moves the Court for leave to file a First Amended Complaint to plead punitive damages against Defendant W W Industrial Corp. In support of his motion, Plaintiff states:

1. Plaintiff's Complaint was filed May 7, 2014, and alleges Defendant W W Industrial Corp.'s "Sniper" brand STLS41 "The Scout" tree stand ("subject model") bent causing Plaintiff Jordan Queen to fall from a tree while hunting, resulting in serious injury.

2. At the time of filing, Plaintiff was not aware of facts supporting imposition of punitive damages and, therefore, did not plead punitive damages.

3. After engaging in discovery concerning W W Industrial Corp.'s business operations and its tree stands, including the subject model, Plaintiff anticipates meeting his burden of establishing punitive damages by showing

1

Defendant W W Industrial Corp. acted in a grossly negligent manner so as to indicate a wanton disregard for the safety of Plaintiff and other users of the subject model and other tree stands.

  4.  Based upon the record developed to date, Plaintiff anticipates proving at trial willful and wanton acts and/or omissions of W W Industrial Corp including but not limited to:

    a.  Representing to Plaintiff and other consumers the subject model tree stand was "field tested" to conform to specified weight capacity when in fact the limited field testing performed does not assure conformance to the rated weight capacity and the subject model does not in fact conform to the rated weight capacity;

    b.  Representing to Plaintiff and other consumers the subject model tree stand is "safety certified" above the "Treestand Manufacturers Association" standards whereas the testing performed does not reflect real world usage or ensure product safety;

    c.  Failing to implement appropriate testing to verify compliance with rated specifications and capacities;

    d.  Allowing W W Industrial employee(s), with no engineering background or other qualifications to design consumer products, to make design decisions that ultimately rendered the subject model tree stand defective and dangerous;

e. Failing to follow appropriate design protocols to ensure safe product design when producing a new consumer product, to include the subject model tree stand;

f. Providing new specifications "on the fly" to a third party manufacturer in China to create a new model tree stand despite Defendant W W Industrial Corp. having no qualifications to evaluate safety concerns associated with the new product specifications;

g. Relying on employees of a third party manufacturer in China to create a new model tree stands pursuant specifications provided by W W Industrial Corp. despite having inadequate information as to whether the Chinese manufacturer is actually qualified to design the product or to evaluate product safety concerns associated with the proffered specifications;

h. Relying on employees of a third party manufacturer in China to create a new model tree stand pursuant specifications provided by W W Industrial Corp. despite having no adequate means of communicating with the third party designer to ensure competence and product safety due to a language barrier;

i. Expressly deviating from the designer's design drawing in the instruction manual in instructing users how the subject tree

    stand is to be constructed and installed, thereby creating or exacerbating the bending hazard Plaintiff fell victim to;

j. Instructing users in the Installation Manual for the subject product to install the adjustable support brace on the wrong rung of the ladder stand, creating or exacerbating the bending hazard Plaintiff fell victim to;

k. Failing to implement feasible alternative design of which it was aware and in fact had used in other W W Industrial Corp. tree stands to eliminate or reduce the bending hazard associated with the subject model tree stand;

l. Having no internal means of tracking or documenting reports of other claims, lawsuits, injuries, or product defect with respect of any of W W Industrial's products and, therefore, no way of monitoring safety concerns associated with products in the field and no way of ensuring compliance with CPSC reporting guidelines.

5. The record already reflects issues of material fact in regards to the foregoing that if taken as true will support an award of punitive damages.

6. Plaintiff requests leave to file a First Amended Complaint to plead punitive damages. A copy of Plaintiff's proposed First Amended Complaint has been sent to the Court pursuant local rule.

7. Leave to amend is to be "freely granted" where there is no prejudice to defendant. Fed. R. Civ. P. 15(a). As the Seventh Circuit has instructed, "in the

absence of any apparent or declared reason, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should be, as the rules require, be 'freely given.'" *Barry Aviation Inc. v. Land O'Lakes Municipal Airport Comm'n*, 377 F. 3rd 682 (7th Cir. 2004).

8. Defendant W W Industrial Corp.'s corporate representative's deposition was only recently completed on April 23, 2015, after great delay on occasion of Defendant's unavailability. Prior to that time, the bases for imposition of punitive damages were not known to Plaintiff, such that Plaintiff's motion herein is timely. Expert discovery has not yet commenced, and Defendant will not suffer prejudice if Plaintiff is granted leave to amend.

WHEREFORE, Plaintiff Jordan Queen respectfully requests this Court grant him leave to file his First Amended Complaint to plead punitive damages against Defendant W W Industrial Corp.

Dated: <u>May 15, 2015</u>   **ONDER, SHELTON, O'LEARY & PETERSON, LLC**

By   */s/ William W. Blair*
William W. Blair   #6285762
110 E. Lockwood
St. Louis, MO 63119
(314) 963-9000 telephone
(314) 963-1700 facsimile
blair@onderlaw.com

*Attorneys for Plaintiff Jordan Queen*

5

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing was sent via the Court's electronic filing system on the 15th day of May, 2015, to the following counsel of record:

                                            */s/ William W. Blair*
                                          William W. Blair