UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *JORDAN QUEEN,* )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>*W.I.C., INC., d/b/a SNIPER* )<br>*TREESTANDS, et al.,* )<br>)<br>Defendants. ) | Case No. 3:14-cv-00519 |

## WW INDUSTRIAL CORP.'S MOTION FOR ENTRY OF REVISED SCHEDULING ORDER

WW Industrial Corp. (improperly identified as W.I.C., Inc. d/b/a Sniper Treestands), by and through its attorneys Sandberg Phoenix & von Gontard P.C., moves for entry of the attached Scheduling Order. In support of its Motion, WW Industrial Corp. states the following:

### INTRODUCTION

Over three months have elapsed since WW Industrial Corp. in a March 5, 2015, phone call with plaintiff's counsel introduced the need to revise the Court's September 2, 2014, Scheduling and Discovery Order ("Scheduling Order") to establish new deadlines for disclosing expert witnesses and producing those experts for deposition. Since that time, WW Industrial Corp.'s counsel has had no fewer than six additional written communications with plaintiff's counsel along with other verbal conversations in an effort to solidify new expert witness deadlines prior to the August 8, 2015, discovery cutoff and to accommodate plaintiff's counsel's repeatedly expressed desire to maintain the December 2015 presumptive trial month.

Plaintiff's counsel has indicated difficulty reaching his liability expert Christopher Ramsay because of final examinations Ramsay administered at Missouri S&T, graduation,

6308657.1

vacation, and a trip Ramsay took to Utah with his design team (in fairness, plaintiff's counsel also represented the timing for WW Industrial Corp.'s representative Nathan Stieren's deposition on April 23, 2015, placed Ramsay "in a bad spot with finals and graduation"). Despite assurances he would contact Ramsay to determine when Ramsay could complete his analysis and be available for deposition, plaintiff's attorney has not provided a definitive response to WW Industrial Corp.'s suggested deadlines. Consequently, WW Industrial Corp. seeks the Court's intervention to establish a refined scheduling order in light of the pending discovery completion and trial deadlines.

## ADDITIONAL RELEVANT PROCEDURAL BACKGROUND

Plaintiff in his Reply (Doc. 55) in support of his Motion for Leave to File First Amended Complaint provides a timeline of events that transpired since he filed his Complaint on May 7, 2014, and essentially places on WW Industrial Corp. all the blame for any delay in pursuing the case. While WW Industrial Corp. has repeatedly acknowledged its mistakes and apologized to plaintiff's counsel and to the Court for the time that was spent correcting discovery responses and requiring plaintiff to address a personal jurisdiction motion to dismiss that was later withdrawn, the fact is plaintiff shares at least some responsibility for where this case now stands procedurally.

Notably, plaintiff's timeline is silent on the events that transpired between the time WW Industrial Corp. withdrew its personal jurisdiction motion to dismiss on November 12, 2014, and Mr. Stieren's April 23, 2015, deposition (other than to identify the original January 16, 2015, deadline for corporate representative depositions). Rather than pursue substantive discovery following the personal jurisdiction motion to dismiss' withdrawal, plaintiff's counsel instead

2

decided to pursue a Motion (Doc. 34) to Strike WW Industrial's Pleadings and Brief in Support that was not filed until almost a month after the personal jurisdiction motion was withdrawn.

Plaintiff's Motion to Strike was originally scheduled for a January 23, 2015, hearing that was moved at plaintiff's attorney's request to February 13, 2015, due to a conflict that arose. At the February 13, 2015, hearing, plaintiff's counsel unexpectedly withdrew the Motion to Strike after approximately 45 minutes of argument. Notably, while the Motion to Strike was pending, plaintiff's counsel suggested he was "not anticipating the need for experts after the court rules, except maybe to address punitive damages." (January 8, 2015, E-mail correspondence, attached hereto as Exhibit 1.)[1] In other words, plaintiff's counsel's decision to pursue a motion he later abandoned resulted in a three-month delay in locating and retaining an expert.

Further, when the parties discussed scheduling defendants' corporate representative depositions following the February 13, 2015, hearing, plaintiff's counsel stated he first wanted to depose Dunham's representative and only later indicated he did not want Dunham's corporate representative's deposition to delay Mr. Stieren's deposition. WW Industrial Corp.'s counsel worked diligently to schedule Mr. Stieren's deposition immediately after their trial scheduled for March 25, 2015, settled but was unable to secure dates before the week of April 20, 2015, in part

---

[1] WW Industrial Corp.'s counsel understands the e-mail attached as Exhibit 1 indicates plaintiff's attorney advised about the potential for a punitive damage claim. WW Industrial Corp.'s counsel did not see this document before filing their response to plaintiff's Motion for Leave to File First Amended Complaint and does not want the Court to be misled about when plaintiff's counsel first suggested a possible punitive damage claim. Nevertheless, WW Industrial Corp.'s counsel does not believe the e-mail affects its objection to plaintiff's Motion for Leave since plaintiff was still required to plead punitive damages in his original Complaint and waited more than a year after the case was filed and only six months before the presumptive trial month before doing so. *See Winters v. Fru-Con Inc.*, 498 F.3d 734, 740 (7th Cir. 2007). Moreover, WW Industrial Corp.'s response to plaintiff's Motion for Leave demonstrates there is no basis for punitive damages regardless of when he indicated he intended to seek those damages. (*See* WW Industrial Corp.'s Response (Doc. 54) in Opposition to Plaintiff's Motion for Leave to File First Amended Complaint, Section II, at 4-7.)

because plaintiff's counsel wanted two days set aside to depose witnesses he ultimately determined were unnecessary. The long and short of the matter is each party (and not just WW Industrial Corp.) shares responsibility for the case's current procedural status.

## EFFORTS TO COORDINATE A REVISED SCHEDULING ORDER

WW Industrial Corp. first suggested alternative Scheduling Order deadlines in a March 26, 2015, e-mail. (March 26, 2015, E-mail correspondence, attached hereto as Exhibit 2.) In the email, WW Industrial Corp. proposed plaintiff disclose his expert within 15 days of taking WW Industrial Corp.'s representative's deposition and corresponding dates for WW Industrial Corp. to depose plaintiff's expert and disclose and produce its own experts. Plaintiff's attorney responded he could "probably disclose" his expert within 15 days of WW Industrial Corp.'s representative's deposition, but did not want "to be held to that" time frame due to issues with securing transcripts and the uncertainty regarding Ramsay's availability. WW Industrial Corp.'s counsel suggested "put[ting] something in place in a proposed order and then if we need to adjust we can." (Exhibit 2.) Additionally, WW Industrial Corp.'s counsel asked plaintiff's counsel to check Ramsay's availability toward the end of May or early June. (Exhibit 2.)

On May 1, 2015, WW Industrial Corp.'s attorney again asked plaintiff's counsel when his expert could provide a finished report and proposed new Scheduling Order deadlines. (May 1, 2015, to May 19, 2015, E-mail string, attached hereto as Exhibit 3.) To that end, WW Industrial Corp.'s attorney suggested a June 1, 2015, report deadline and a deposition by June 15, 2015. (Exhibit 3.) Additionally, WW Industrial Corp. recommended a July 15, 2015, disclosure deadline for defense experts, which would enable those experts to be produced by the August 8, 2015, discovery cutoff. (Exhibit 3.) Plaintiff's attorney responded by stating he would review the proposed revised dates. WW Industrial Corp.'s counsel followed up with plaintiff's counsel

4

on May 19, 2015, but plaintiff's counsel never indicated whether the dates suggested on May 1, 2015, were acceptable.

A final attempt to secure deadlines for expert disclosures was made on June 3, 2015, at which time plaintiff's counsel indicated Ramsay was in Utah and without access to cellular phone service. (June 3, 2015, E-mail correspondence, attached hereto as Exhibit 4.) WW Industrial Corp. indicated in its communication that day that it intended to file a Motion if an agreed-upon scheduling order could not be "in place in the next day or so." (Exhibit 4.)

As previously indicated, plaintiff's counsel has been adamant about keeping December 2015 as the presumptive trial month. Consequently, a revised scheduling order needs to be entered immediately to ensure WW Industrial Corp.'s experts have sufficient time to evaluate and respond meaningfully to Ramsay's opinions and to prepare their own written reports. In order to avoid moving the August 8, 2015, discovery cutoff, WW Industrial Corp. recommends entry of the Scheduling Order filed contemporaneously herewith that includes a deadline of June 22, 2015, for plaintiff to produce Ramsay's report and a deadline of July 1, 2015, for Ramsay's deposition. WW Industrial Corp. will then endeavor to disclose its experts and their reports by August 1, 2015, and produce those experts for deposition by August 8, 2015, to ensure the discovery completion deadline is met.

**WHEREFORE,** WW Industrial Corp. prays for entry of the revised Scheduling Order submitted contemporaneously herewith and for such other and further relief as the Court deems and proper in the premises.

SANDBERG PHOENIX & von GONTARD P.C.

By: /s/ Andrew D. Ryan
John S. Sandberg, #2451700
Andrew D. Ryan, #6270539
600 Washington Avenue – 15th Floor
St. Louis, MO 63101-1313
314-231-3332
314-241-7604 (Fax)
jsandberg@sandbergphoenix.com
aryan@sandbergphoenix.com
*Attorneys for Defendant*
*WW Industrial Corp.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 12, 2015, a copy of this document was filed electronically with the Clerk of the Court, using the Court's CM/ECF filing system, which is programmed to cause automated delivery of this document to all counsel of record in this case, to the following counsel of record:

W. Wylie Blair, Esq.
Onder, Shelton, O'Leary & Peterson, LLC
110 E. Lockwood, Ste. 200
St. Louis, MO 63119
blair@onderlaw.com
*Attorneys for Plaintiff*

James A. Harfst, Esq.
Law Office of James A. Harfst
7711 Bonhomme Av., Ste. 720
Clayton, MO 63105
Jim.Harfst@SA-Trial.com
*Attorneys for Defendant Dunham's Athleisure Corporation,*
  *d/b/a Dunham's Sports*

/s/ Andrew D. Ryan

6308657.1