UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JORDAN QUEEN, <br><br> Plaintiff, <br><br> v. <br><br> W.I.C., INC., d/b/a SNIPER TREESTANDS, et al., <br><br> Defendants. | Case No. 3:14-cv-00519 <br><br> **JURY TRIAL DEMANDED** |

## AFFIDAVIT

Nathan Stieren, having been duly sworn, states as follows:

1. My name is Nathan Stieren, I am over the age of eighteen, am of sound mind, am capable of making this affidavit, and have personal knowledge of the facts stated herein.

2. I am WW Industrial Corp.'s (hereinafter "WW Industrial") sole owner.

3. In addition to me, WW Industrial employs two other individuals who handle multiple facts of WW Industrial's customer service endeavors.

4. I am responsible as WW Industrial's owner for all communication with individuals or entities who submit complaints to WW Industrial regarding product performance issues.

5. I am familiar with the circumstances surrounding a report WW Industrial received regarding an October 29, 2014, incident in Mineral Point, Pennsylvania, that allegedly involved a Scout STLS41 ladder stand.

6. I was first notified regarding the Mineral Point, Pennsylvania, incident on December 17, 2015, when I received correspondence dated December 14, 2015, from the Friday & Cox law firm in Pittsburgh, Pennsylvania.

7. I notified my insurance carrier regarding the claim on December 31, 2015, and was put in contact with a lawyer to assist me in responding to the claim.

8. On January 14, 2016, I was notified the STLS41 stand involved in the Mineral Point, Pennsylvania, incident was purchased at Wal-Mart.

9. WW Industrial has never distributed any of its products through Wal-Mart.

10. On January 27, 2016, I was provided a copy of an STLS41 user's manual that I understand accompanied the Pennsylvania stand along with photographs of Vivian's stand and Vivian's medical bills.

11. I did not review the user's manual provided on January 27, 2016, until May 27, 2016.

12. I concluded after reviewing the user's manual that the stand involved in the Pennsylvania incident was most likely distributed by WW Industrial.

13. Thereafter, I worked with individuals from the Friday & Cox law firm to schedule an inspection of the Pennsylvania stand for further confirmation that the stand was one of WW Industrial's.

14. The inspection was ultimately scheduled for July 22, 2016, at 12:00 p.m. at what I understand is the Pennsylvania claimant's home.

15. I did not learn the date, time, and location of the inspection until July 11, 2016.

16. I am familiar with the Chinese hunting stand industry and the practices and procedures followed by Chinese factories who manufacture hunting stands.

17. Many Chinese hunting stand manufacturers construct the same make and model stands for multiple distributors.

2
7535572.1

18. In fact, I have seen WW Industrial products offered for sale on the walmart.com website that are identical to the makes and models WW Industrial distributes even though WW Industrial does not sell through Wal-Mart.

19. WW Industrial has previously contracted with Yangzhou Jinkaili Sport Products Co., Ltd., to manufacture WW Industrial products.

20. WW Industrial does not currently contract with Yangzhou Jinkaili Sport Products Co., Ltd., to manufacture WW Industrial products.

21. Yangzhou Jinkaili Sport Products Co., Ltd., has sold WW Industrial products in Europe without having first secured WW Industrial's permission to do so.

22. I cannot be sure a particular stand is a WW Industrial stand without an inspection and/or review of the literature that accompanies the stand even where the model number of the stand is identical to a model WW Industrial distributes.

23. I am not an attorney and have never been licensed to practice law.

24. I did not attend law school and have no legal training.

25. I have no personal knowledge regarding the Pennsylvania statute of limitations for personal injury claims and have no knowledge as to when the statute of limitations on the Pennsylvania claimant's claim might expire.

26. Further affiant saith not.

Nathan Stieren

_____
Owner, WW Industrial Corp.

On this 28th day of July, 2016, Nathan Stieren personally appeared before me and declared the facts contained herein are true and correct according to his knowledge, information, and belief.

*PEGGY S TAYLOR*
*NOTARY PUBLIC - MINNESOTA*
*MY COMMISSION EXPIRES 01/31/20*

_____
Notary Public

My commission expires: 1-31-2020