UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| *JORDAN QUEEN,* | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-cv-00519 |
| | ) | |
| *W.I.C., INC., d/b/a SNIPER* | ) | |
| *TREESTANDS, et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## **ANDREW D. RYAN AFFIDAVIT**

Andrew D. Ryan, being first duly sworn upon oath, states the following:

1.      My name is Andrew D. Ryan, I am over the age of 18, am of sound mind, am capable of making this affidavit, and have personal knowledge of the facts stated herein.

2.      I am licensed in Illinois (#6270539) and Missouri (#45924), and am admitted to practice in the United States District Court for the Southern District of Illinois.

2.      I am submitting this affidavit to verify the facts contained in WW Industrial's Response (Doc. 101) in Opposition to Plaintiff's Second Motion to Strike WW Industrial's Pleadings and to supplement the evidence and testimony adduced during the August 22, 2016, hearing on plaintiff's Motion.

3.      WW Industrial Corp.'s owner Nathan Stieren's affidavit (Doc. 101-3) states he concluded the stand involved in Daniel Vivian's accident was most likely distributed by WW Industrial when Mr. Stieren reviewed the stand's user's manual on May 27, 2016.

4.      The first time I learned Mr. Stieren was confident the STLS41 ladder stand involved in Vivian's accident was a WW Industrial Corp. product was through an email from Mr. Stieren dated July 7, 2016, at 1:24 p.m.

5.      The same day, in the late afternoon on July 7, 2016, I advised plaintiff's attorney Wylie Blair about the Vivian incident when I passed him in the Sandberg Phoenix & von Gontard P.C. parking garage.

6.      I sent a letter (Doc. 95-2) to Mr. Blair the following day on July 8, 2016, advising Mr. Blair that Mr. Stieren believed after reviewing the stand's manual on May 27, 2016, that the Vivian stand was made by WW Industrial.

7.      In my July 8, 2016, letter (Doc. 95-2), I also advised Mr. Blair that an inspection of the Vivian stand and the accident scene was to be scheduled in the next three to four weeks in order to determine more details and that we would let Mr. Blair know what the inspection revealed as far as confirming the stand's manufacturer and details.

8.      Mr. Stieren indicated in his affidavit that he learned the date, time, and location of the Vivian inspection on July 11, 2016.

9.      The same day, on July 11, 2016, I sent Mr. Blair an email at 6:16 p.m. indicating the Vivian inspection was scheduled to take place at noon on July 22, 2016, at Vivian's residence.

10.     In a subsequent email on July 11, 2016, at 6:49 p.m., Mr. Blair indicated, "I may have local counsel from Pittsburgh we use in other litigation attend and coordinate with them."

11.     We formally supplemented WW Industrial's discovery response regarding the Vivian accident on July 28, 2016, so we could include in our response factual information we learned following the July 22, 2016, Vivian stand and scene inspection.

Further affiant saith naught.

2

7641471.1

Andrew D. Ryan

On this 25th day of August, 2016, Andrew D. Ryan personally appeared before me and declared the facts contained herein are true and correct according to his knowledge, information, and belief.

Notary Public

My commission expires:

TINA BUSCHE
Notary Public - Notary Seal
State of Missouri, St Louis County
Commission # 14514897
My Commission Expires May 17, 2018

3

7641471.1