UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| JORDAN QUEEN<br><br>　　　Plaintiff,<br><br>v.<br><br>W.I.C., INC. d/b/a SNIPER TREESTANDS<br><br>　　　Defendant. | Case No. 3:14-cv-00519<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF JORDAN QUEEN'S RESPONSE TO DEFENDANT WW INDUSTRIAL CORP.'S MOTION TO FILE AFFIDAVIT OF ANDREW D. RYAN**

COMES NOW Plaintiff Jordan Queen, and for his Response to Defendant WW Industrial Corp.'s (WIC) Motion to File Affidavit of Andrew D. Ryan [CM/ECF Doc. 115] states:

The appropriate time to verify the facts contained within WIC's Response in Opposition to Plaintiff's Second Motion to Strike WW Industrial's Pleadings [CM/ECF Doc. 101] was at the time it was filed. As all counsel are officers of the Court, it seems it should be unnecessary to verify the averments of counsel set forth in the pleadings. Likewise, the time for WIC's counsel to provide a recitation of other events that were the subject of the August 22, 2016 hearing was prior to or during the hearing, when Plaintiff's counsel had the opportunity to examine WIC's corporate representative, Mr. Stieren, and make argument. Essentially, Mr. Ryan's affidavit amounts to a post-evidentiary-hearing sur-reply.

The best evidence of communications referenced in WIC's counsel's proffered affidavit are the documents constituting the communications themselves, as opposed to hearsay from counsel that lacks specificity, completeness, and context. WIC's counsel's decision to selectively waive attorney-client privilege as to certain communications concerning underlying facts to the exclusion of others undoubtedly presents an incomplete picture to the Court.

If the Court is inclined to entertain the affidavit, Plaintiff would point out the communication between counsel for Mr. Vivian and WIC's counsel, Mr. Parsky, of July 7, 2016 [CM/ECF Doc. 114-8], reflecting the threat to file suit in the next three to four weeks, was at 2:11 p.m. eastern time. This was 13 minutes before Mr. Ryan's proffered affidavit reflects having received the first communication from Mr. Stieren indicating he was "confident the STLS41 ladder stand involved in Vivian's accident was a WW Industrial product" at 1:24 p.m. central time. [CM/ECF Doc. 115-1, ¶ 4].

Additionally, Mr. Ryan's affidavit asserts "[w]e formally supplemented WW Industrial's discovery response regarding the Vivian accident on July 28, 2016, so we could include in our response factual information we learned following the July 22, 2016, Vivian stand and scene inspection." [CM/ECF Doc. 115-1, ¶ 11 (emphasis added)]. The critical outstanding factual information concerning the Vivian incident responsive to Plaintiff's interrogatories on other claims in this manufacturing defect case was the manufacturing batch number. This was not information learned by WIC's counsel from the July 22, 2016, inspection of the Vivian stand as WIC's counsel suggests. Correspondence between the undersigned and Mr. Ryan of July 20, 2016 [CM/ECF Doc. 102-6], reflects he was already aware the batch numbers of the Vivian stand and the Queen stand were the same heading into the Settlement Conference of July 21, 2016, well before supplementing on July 28, 2016. [CM/ECF Doc. 102-7]. In regards to failing to disclose the matching batch numbers WIC's counsel stated, "I do not believe I was obligated to tell you what I learned from L.J. or the Chicago lawyer [Parksy]." *Id.* So, before the inspection was even completed, and a matter of hours before a settlement conference that could have resolved Plaintiff's case, WIC's counsel had knowledge of material information, directly responsive to

Plaintiff's interrogatories, significantly impacting Plaintiff's liability case, yet consciously decided not to disclose it.

Moreover, Defendant's counsel's affidavit indicates, "[Mr. Stieren] concluded the stand involved in Daniel Vivian's stand was <u>most likely</u> distributed by WW Industrial when Mr. Stieren reviewed the user's manual on May 27, 2016" and "Mr. Stieren <u>believed</u> after reviewing the stand's manual on May 27, 2016, that the Vivian stand was made by WW Industrial." [CM/ECF Doc. 115-1, ¶¶ 3, 6 (emphasis added)]. That is juxtaposed with Defendant's counsel's averment, "The first time I learned Mr. Stieren was confident the STLS41 ladder stand involved in Vivian's accident was a WW Industrial Corp. product was through an email from Mr. Stieren dated July 7, 2016, at 1:24 p.m." *Id*. at ¶ 4. It is ambiguous whether the terms "most likely" and "believed" are synonymous with "confident." Again, this is why the contents of the affidavit were more appropriate for presentation in WIC's Response or the hearing so some semblance of clarification and completeness could be sought from Mr. Stieren and Defendant's counsel.

Finally, WIC's counsel chose to waive privilege to disclose (1) Mr. Stieren put his counsel herein on notice of the Vivian claim in April 2016 and (2) that WIC's counsel first learned Mr. Stieren was "confident" the product was that of WW Industrial on July 7, 2016. But there is no indication of what went on in-between. This highlights the problem with selectively waiving privilege. It is still unknown when in April 2016 WIC's counsel was advised of the Vivian accident, of what that notice to counsel consisted, what was learned thereafter, and when. The appropriate means of evidencing attorney-client communications reflecting what the client knew, what counsel knew, and when, would have been to submit the communications to the Court. Plaintiff believes an adverse inference is properly drawn from the waiver of privilege as to certain limited attorney-client communications to the exclusion of others pertinent to this controversy.

ONDER, SHELTON, O'LEARY & PETERSON, LLC

By: */s/ William W. Blair*
William W. Blair, #6285762
110 E. Lockwood, Suite 200
St. Louis, MO 63119
(314) 963-9000 (Telephone)
(314) 963-1700 (Fax)
blair@onderlaw.com

***Attorneys for Plaintiff Jordan Queen***

### Certificate of Service

The undersigned certified the foregoing document was served on all counsel of record by way of the Court's electronic filing system this 28th day of August, 2016.

*/s/ William W. Blair*