IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JORDAN QUEEN

        **Plaintiff,**

vs.                                                      Case No. 14-CV-519-DRH-SCW

W.I.C., INC. d/b/a
SNIPER TREESTANDS,

        **Defendant.**

**MEMORANDUM AND ORDER**

**HERNDON, District Judge**:

### I. Introduction

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Stephen C. Williams (Doc. 134). Judge Williams recommends that plaintiff's motion to strike defendant's pleadings directed against Defendant WW Industrial Corp.[1] be granted and that defendant's answer be stricken. The Report and Recommendation was entered on December 13, 2016. Defendant filed its objection to the Report and Recommendation on December 27, 2016 (Doc. 142). Based on the following, the Court **ADOPTS** the Report and Recommendation in its entirety.

### II. Background

Plaintiff Jordan Queen brought the present lawsuit alleging that he was injured when his tree stand used for deer hunting collapsed. (Doc. 2). The stand

---

[1] Defendant WW alleges that it was improperly identified as W.I.C., Inc. d/b/a Sniper Treestands in the initial pleadings.

was a Scout Model STLS41 tree stand distributed by the defendant. Plaintiff alleges that on October 12, 2013, while he was at the top of the stand's ladder, the ladder bent, causing him to fall. As a result of the fall, plaintiff claims that he suffered serious injuries, including broken bones in his right leg, a shattered right ankle, and damage to his ligaments, tendons, and joints. Based on said injuries, plaintiff alleges that he incurred medical expenses and lost wages, and that he will continue to lose wages, due to the debilitating condition of his right leg and ankle.

On July 15, 2016, plaintiff filed his second motion to strike Defendant WW Industrial Corp's pleadings (Doc. 95).[2] The matter was referred to Magistrate Judge Williams and a hearing was set on the issue (Doc. 100). The involved parties filed briefing and Magistrate Williams conducted a hearing on the issue (Docs. 101, 102, & 111). At the hearing, Judge Williams heard testimony from Nathan Stieren, owner and CEO of WW, and heard argument from the parties. The motion was taken under advisement.

Following the hearing defendant filed a motion for leave to file the affidavit of Andrew Ryan in support of its response in opposition (Doc. 155). Judge Williams granted the motion and then issued the Report at issue (Doc. 134). In addition to the facts stated above, the court incorporates by reference the summary of the relevant background stated in Judge Williams' Report (Doc. 34, pgs. 4-10).

---

[2] The parties reached an agreement as to attorney's fees relevant to plaintiff's first motion to strike (Doc. 36), so the motion was rendered moot (Doc. 51).

### III. Standard of Review

The Court's review of the Report is governed by 28 U.S.C. § 636(b)(1)(C), which provides in part:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b) also directs that the Court make a *de novo* determination of those portions of the report and recommendation to which specific written objections have been made. J*ohnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b). In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues for which specific objection has been made. *Id*. However, the Court need not conduct a *de novo* review of the findings of the R&R for which no objections have been made. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985).

For the duration of the discovery process, parties are required to supplement or correct any written discovery responses and FED. R. CIV. P. 26(a) disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect," and where the other party has not been made aware of the new or corrected information. FED. R. CIV. P.

26(b)(1). Failure to comply with Rule 26 requirements may result in a party being subjected to sanctions. As to the imposition of sanctions, Rule 37(c) states:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions....

FED. R. CIV. P. 37(c)(1). The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless." *Musser v. Gentiva Health Services*, 356 F.3d 751, 758 (7th Cir. 2004). However, the Seventh Circuit has warned that an imposition of sanctions "must be proportionate to the circumstances surrounding the failure to comply with discovery." *Langley v. Union Elec. Co.*, 107 F.3d 510, 515 (7th Cir. 1997) (quoting *Crown Life Ins. Co. v. Craig*, 995 F.2d 1376, 1382 (7th Cir. 1993).

The Court will now turn to defendant's objections, offering a *de novo* review of the issues arising therefrom.

### IV. Analysis

Magistrate Judge Williams' Report and Recommendation, which was both comprehensive and well-reasoned, held that defendant violated Rule 26(e) by failing to timely supplement its discovery responses. Also, based on the conduct of Mr. Stieren, Judge Williams found it appropriate to sanction defendant under

Rule 37 and strike defendant's answer. The Court notes that Magistrate Judge Williams is intimately familiar with both the facts and procedural posture of this case, and particularly with issues that arose during discovery. Having examined the relevant materials, including the Report (Doc. 134), defendant's objections to the Report (Doc. 142), and plaintiff's response to those objections (Doc. 154), this Court adopts the December 13, 2016, Report and Recommendation, and overrules defendant's objections as follows.

### a. Judge Williams properly considered the conduct related to plaintiff's first motion to strike WW's pleadings.

Defendant first argues that it was improper of Magistrate Judge Williams, when determining what punishment to impose, to consider the conduct and events that led to the filing of plaintiff's first motion to strike WW Industrial's pleadings (Doc. 36). The Court disagrees.

"The choice of appropriate sanctions is primarily the responsibility of the district court," *Patterson by Patterson v. Coca-Cola Bottling Co. Cairo-Sikeston*, 852 F.2d 280, 283 (7th Cir. 1988); but, "the sanction selected must be one that a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction." *Salgado v. General Motors Corp.*, 150 F.3d 735, 740 (7th Cir.1998). A court must look at the procedural history of the case as a whole and "weigh not only the straw that finally broke the camel's back, but all the straws that the recalcitrant party piled on over the course of the lawsuit." *e360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 643 (7th Cir. 2011).

In this case, the subject-matter of that first motion to strike was part of an ongoing pattern of misrepresentations and willful discovery abuses surrounding other claims involving WW's tree stands. In light of Seventh Circuit law, the Court finds it appropriate to consider these misrepresentations and, therefore, agrees with Judge Williams' rationale. Defendant's objection is overruled.

### b. WW's failure to disclose the Vivian incident prejudiced the plaintiff.

Defendant next objects to Magistrate Judge Williams finding that the plaintiff was prejudiced when his metallurgical engineering expert, Dr. Christopher Ramsay, was denied "the opportunity to perform testing, including compositional and strength, on a WW stand from the same manufacturing batch as the Queen stand" (Doc. 134, pg. 20). Defendant argues that there was no proof that "the Vivian attorneys would have permitted plaintiff's counsel to conduct destructive compositional and strength testing" or that "Ramsay would have done such testing" (Doc. 142, pg. 9). Additionally, defendant objects to Magistrate Judge Williams' determination that plaintiff was "prejudiced by the timing of the Vivian disclosure because Dr. Ramsay was supposedly prevented from supporting his theory that a properly assembled stand could bend inward" (Doc. 142, pg. 16).

In response, plaintiff argues that he should have been afforded the opportunity to conduct an inspection on his own terms while discovery was still open given that the Vivian incident was vital to plaintiff's case. Mr. Blair argued that he would have worked-up plaintiff's case differently had the Vivian accident

been timely disclosed. Plaintiff goes on to rebut defendant's speculation surrounding Dr. Ramsay's composition and strength testing by asserting that the arguments are not convincing.

As Magistrate Judge Williams noted, the plaintiff

"should have had the opportunity to fully develop his liability case, as well as, the full opportunity to rebut Defendant's expert. Plaintiff was denied those opportunities, however, when Defendant waited until four months after the formal close of discovery and a month and a half after the final deposition of Plaintiff's expert to disclose the Vivian accident… Had the Vivian accident been timely disclosed, Plaintiff's expert may have had the opportunity to perform testing, including compositional and strength, on a WW stand *from the same manufacturing batch* as the Queen stand."

(Doc. 134, pg. 19-20). The Court agrees. Dr. Ramsey's opinion that a properly assembled stand could bend inward, may be supported by testing and analysis of the Vivian stand. Specifically, at the hearing before Magistrate Judge Williams, Mr. Stieren agreed the Vivian stand bent inwards toward the tree, just as plaintiff alleges happened to his tree stand. (Doc. 142-2, pg. 68). Dr. Ramsay's rebuttal report also spent considerable time addressing the physical evidence showing that plaintiff's stand did not bend away from the tree, but instead bent inward, yet Dr. Ramsey was not afforded an opportunity to consider the *Vivian* incident when drafting his opinions (Doc. 102-8).

As Magistrate Judge Williams articulated, "it is disturbing [] that Plaintiff's expert sat for a deposition relating to his rebuttal report in May 2016, while being questioned by Defendant's counsel who secretly knew of the existence of another clearly discoverable accident." (Doc. 134, pg. 20). This Court agrees. Magistrate

Judge Williams's findings are well-reasoned and correct. Due to the defendant's conduct, plaintiff was not given the opportunity to develop his case in the manner in which he was entitled. Also, Dr. Ramsey was not afforded an opportunity to consider the Vivian incident when developing and testing his theory. Accordingly, the Court finds that plaintiff was prejudiced by defendant's failure to timely disclose, which weighs in favor of sanctions; thus the objections are overruled.

### c. The July 7, 2016, email threatening to file suit was related to the timing of defense counsel's subsequent disclosure of the *Vivian* incident.

Defendant objects to Magistrate Judge Williams' finding that Friday & Cox's email threatening to file suit was related to the timing of defense counsel's subsequent Vivian disclosure to the plaintiff only hours later (Doc. 142, pg. 14). Defense counsel claims that the timing was pure coincidence. However, the Court rejects this argument and finds that timing of the disclosure is simply too convenient and coincidental to be believable.

Mr. Stieren received the requisite notice of an incident alleging failure of an STLS41 tree stand around December 2015. His attorneys were later made aware of the incident in April 2016. However, plaintiff's counsel was not notified until July 2016. Magistrate Judge Williams found that:

> "Mr. Stieren had little to no reason to doubt that the Vivian stand had been distributed to WW, yet he still failed to notify his attorneys in this lawsuit of the Vivian accident. This fact, combined with Mr. Stieren's untruthful and obfuscatory statements and testimony regarding when he received notification from Friday & Cox lends the undersigned to believe that he sought to prevent disclosure of the Vivian claim to Mr.

> Blair, perhaps hoping that it would simply go away, or at least not be discovered by Mr. Blair.
> …
> The bad behavior does not end with Mr. Stieren, however. His attorneys engaged in their own willful and bad faith conduct. Defense counsel claim that they waited to disclose the Vivian claim to Plaintiff until they could confirm with certainty that the stand had been distributed by WW. However, as already discussed, the relevant interrogatory asked only for any "notice[s]" received of incidents involving the alleged failure of an STLS41, and it did not limit responses to notices wherein WW had confirmed was indeed their stand involved.
> …
> From the record submitted, the undersigned can only determine that in "figur[ing] out" what to do after receiving notice, defense counsel willfully delayed in disclosing the Vivian notice for strategic purposes. It is telling that in his July 8, 2016 letter to Mr. Blair, defense attorney Andrew Ryan requested that Mr. Blair not contact Friday & Cox until after the limitations period had run in the Vivian matter. "

(Doc. 134, pg. 9) The facts show that plaintiff's counsel was first made aware only after Friday & Cox threatened suit in an email exchange with WW's attorney. Upon review of the record, it is clear to the undersigned that Magistrate Judge Williams' analysis addressing the timing of defendant's disclosure correctly held that the email correspondence and disclosure to plaintiff were not coincidental. Therefore, defendant's objection is overruled.

### d. The circumstances warrant the recommended sanction.

In reviewing the relevant factors discussed above and in the Report, the undersigned finds that defendant's untimely disclosure was clearly neither harmless nor substantially justified. Sanctions are appropriate under Rule 37. While the Court is mindful that the sanction recommended is severe; it is warranted in this instance. The Court agrees with the Report that there is no

other suitable sanction. As Magistrate Judge Williams stated in the Report, "the severe sanction of striking WW's Answer is in line with Mr. Stieren's and defense counsel's willful and bad faith failure to timely disclose the Vivian notice, especially given Mr. Stieren's actions during jurisdictional discovery" (Doc. 134, pg. 23). The undersigned is in agreement. Moreover, the sanction of striking WW's Answer, while appropriate and proportionate, also serves to deter other parties from similar conduct in the future.

## V.  Conclusion[3]

For the reasons stated above, the Court finds that Magistrate Judge Williams' Report and Recommendation on the motion to strike is well-reasoned, thorough, and correct. The Court **ADOPTS** Judge Williams' Report and Recommendation, in full and over defendant's objections. Plaintiff's second motion to strike WW Industrial Corp.'s pleadings (Doc. 95) is **GRANTED**. Accordingly, the Court **STRIKES** Defendant WW's Answer.

Furthermore, defendant's pending motion for summary judgment is **RENDERED MOOT** (Doc. 92).

**IT IS SO ORDERED.**

Signed this 16th day of March, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.03.16 13:29:42 -05'00'

**United States District Court Judge**

---

[3] Defendant's final argument is not an objection to Magistrate Judge Williams' findings; Rather it is a plea for a continuance—a matter recently addressed by Judge Williams in his order on the motion to continue (Doc. 158).