IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JORDAN QUEEN,

        Plaintiff,

vs.

        Case No. 14-cv-519-DRH-SCW
        CJRA Track C

W.I.C., Inc.,

        Defendant.

## FINAL PRETRIAL ORDER

This matter comes before the Court for Final Pretrial Conference held pursuant to Federal Rule of Civil Procedure 16.

**I.**    **COUNSEL OF RECORD**

    **Plaintiff's Counsel:**

        W. Wylie Blair
        James G. Onder
        Onder, Shelton, O'Leary & Peterson, LLC
        110 E. Lockwood
        St. Louis, Missouri 63119
        blair@onderlaw.com
        onder@onderlaw.com
        (314) 963-9000

    **Defendant's Counsel:**

        John S. Sandberg
        Andrew D. Ryan
        Sandberg Phoenix & von Gontard P.C.
        600 Washington Avenue, 15th Floor
        St. Louis, Missouri 63101
        jsandberg@sandbergphoenix.com
        aryan@sandbergphoenix.com
        (314) 241-3332

II. **NATURE OF THE CASE**

This is a case Plaintiff Jordan Queen filed against Defendant WW Industrial Corp. for personal injuries he experienced when he stepped off and fell from a Sniper STLS41 "Scout" ladder stand he was climbing as it bent. The ladder stand was manufactured for and distributed by Defendant WW Industrial Corp. The only issue for you, the jury, to decide is what damages Plaintiff Queen sustained as a result of the fall.

III. **JURISDICTION**

   A. This is an action for damages.

   B. The Court's jurisdiction is not disputed. Jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332 in that it involves citizens of different states and the amount in controversy exceeds $75,000.

IV. **UNCONTROVERTED FACTS**

**The following facts are not disputed or have been agreed to or stipulated to by the parties:**

1. On October 12, 2013, Plaintiff Jordan Queen was erecting for the first time a Sniper "Scout" STLS41 ladder stand near Orchardville, Illinois. The STLS41 was manufactured for and distributed by Defendant WW Industrial Corp. The STLS41 is 18 feet tall, weighs 65 pounds, and is comprised of a seat platform, a foot platform, and three ladder sections that connect to one another with components called safety sleeves and snap pins. The ladder stand's purpose is to provide an elevated platform from which users are able to shoot when hunting.

2. Plaintiff Queen as a result of the accident experienced a bimalleolar fracture to his right tibia and fibula and a pilon fracture of the right distal tibia that required two surgeries, placement of an external fixator on October 13, 2013, and an open reduction and internal fixation surgery on November 4, 2013.

3. Plaintiff Queen returned to full-time employment with the Centralia City Schools on December 9, 2013, after 37 missed working days.

**The parties propose to convey these facts to the jury in the following**

**fashion:**

The parties agree the Court will convey these facts to the jury.

V. **ISSUES**

1. **Issues for the Jury to decide:**

    a. The amount of compensatory damages to which Plaintiff Queen is entitled.

VI. **WITNESSES**

A. **List of witnesses the plaintiff expects to call, including experts.**

1. **Expert witnesses.**

    a. Treating Orthopedic Surgeon (video deposition): Michael J. Gardner, M.D.

    b. Treating Orthopedic Surgeon: Anna M. Miller, M.D.

2. **Non-expert witnesses.**

    a. Brittany Queen

    b. Plaintiff Jordan Queen

B. **List of witnesses defendant expects to call, including experts:**

1. **Expert witnesses.**

    a. Michael J. Gardner, M.D. (video deposition)

    b. Anna N. Miller, M.D. (video deposition)

2. **Non-expert witnesses.**

    a. Nathan Stieren (may be at trial but is not expected to testify)

    b. Jordan Queen

c. Brittany Queen

**C.  Rebuttal Witnesses.  The plaintiff may call rebuttal witnesses and the defendant may call sur-rebuttal witnesses as may be necessary, without prior notice thereof to the other party.**

## VII.  EXHIBITS

The parties shall prepare a an Exhibit Stipulation, which shall be on a separate schedule and delivered to the Court on the first day of trial

## VIII.  DAMAGES

Plaintiff asserts damages consisting of pain and suffering, lost wages, and medical bills.

Plaintiff claims past lost wages in the amount of $5,000 based on 37 days of missed work between October 12, 2013, and December 9, 2013.

Plaintiff claims past medical bills for reasonable value of services rendered in the amount of $89,988.39.  WW Industrial disputes the amount of plaintiff's past medical bills and contends those medical bills are limited to $45,342.61, representing the paid amount of plaintiff's bills.

Plaintiff claims the present value of future medical bills to be approximately $435,000.

## IX.  BIFURCATED TRIAL

The parties do not desire a bifurcated trial.

## X.  TRIAL BRIEFS

The Parties will tender trial briefs, if any, fourteen (14) days prior to the trial date set by the Court.

## XI.  LIMITATIONS, RESERVATIONS AND OTHER MATTERS

**A.  Trial Date.**  Trial is set for the week of October 2, 2017.

**B.** **Length of Trial**. The probable length of trial is 2 days. The case will be listed on the trial calendar to be tried when reached.

**Mark Appropriate Box:** JURY. . . . . . . . . ☒

NON-JURY. . . . . ☐

**C.** **Number of Jurors.** There shall be a minimum of six jurors.

**D.** **Voir Dire.** The Court will conduct the preliminary voir dire. Participation by counsel will be permitted. Any voir dire questions which counsel specifically want asked by the Court shall be provided to the Court prior to the panel being seated in the courtroom.

**E.** **Motions in Limine.** Motions in limine shall be filed no later than twenty (20) days before the Final Pretrial Conference. Responses, if any, shall be filed within ten (10) business days thereafter. Oral argument on motions in limine will only be allowed in exceptional circumstances and will be scheduled when the Court's calendar permits. Due to the nature of motions in limine, failure to file said motions by this deadline generally will not prejudice a party's ability to move in limine prior to the jury's impanelment. Later-filed motions, however, may be stricken if their consideration would delay the timely start of the trial.

**F.** **Jury Instructions.** The parties must submit jury instructions by 9:00 a.m. on the first day of trial. The parties shall tender to the Court an original and one copy of each proposed instruction. The originals shall be on 8½" x 11" plain white paper without any designation or number. The copies shall be numbered, shall indicate which party tenders them, shall contain a source (e.g., "IPI 2.01"), and shall include a legend indicating whether the instruction was:

____ withdrawn      ____ given      ____ given as modified      ____ refused.

If possible, instructions also should be submitted to the Court on diskette. Counsel shall provide copies of all proposed instructions to opposing counsel at or before the time they are tendered to the Court. Counsel should submit to the Court copies of any cases relied on as authority for jury instructions.

**IT IS ORDERED** that the Final Pretrial Order may be modified at the trial of the action, or prior thereto, to prevent manifest injustice or for good cause shown.

Such modification may be made either on motion of counsel or *sua sponte* by the Court.

**DATED: September 5, 2017**

Digitally signed by Judge David R. Herndon
Date: 2017.09.05 13:21:56 -05'00'

**United States District Court Judge**

APPROVED AS TO FORM AND SUBSTANCE:

*/s/ W. Wylie Blair*
ATTORNEY FOR PLAINTIFF(S)

*/s/ John S. Sandberg*
ATTORNEY FOR DEFENDANT(S)

*/s/ Andrew D. Ryan*
ATTORNEY FOR DEFENDANT(S)